**Dr. W. E. HOGG, Appellant,**

v.

**PROFESSIONAL PATHOLOGY ASSOCIATES, P. A., Appellee.**

No. A2280.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 5, 1980.

Rehearing Granted April 2, 1980.

Second Rehearing Denied April 23, 1980.

Kenneth Oden, Thomas S. Turner, III, Perkins, Oden, Warbuton, McNeill & Adami, Alice, for appellant.

Thomas Clarke, Law Offices of Thomas Clarke, Bill R. Bludworth, Wood, Lucksinger & Epstein, Houston, for appellee.

Before MILLER and PAUL PRESSLER, JJ.

MILLER, Justice.

On rehearing, we withdraw our opinion handed down on March 5, 1980 and substitute this opinion.

The trial court overruled appellant's plea of privilege as well as appellee's application for a temporary injunction in an action to enforce restrictive covenants in two contracts of employment. Both sides gave notice of appeal. Only Dr. Hogg perfected his appeal, and appellee assigns as a cross-point the lower court's refusal to grant the temporary injunction. We reverse the order overruling the plea of privilege and affirm the denial of the temporary injunction.

William E. Hogg, M.D., appellant, was employed by Professional Pathology Associates, P. A., ("PPA"), appellee, as a pathologist and entered into an employment contract dated June 24, 1977 pursuant to which he was assigned on July 1 of that year to work for a PPA client, Physician's and Surgeon's Hospital, in Alice, Texas. PPA had entered into a contract, effective July 1, 1977, to furnish the hospital with pathology services. This latter contract recited that it was also to be binding upon and inure to the benefit of American Medical International, Inc. ("AMI") which owned and managed the hospital. AMI is a Delaware corporation with offices in Houston, Harris County. Hogg's contract, which provided for an initial salary of $80,000.00 annually, forbade his furnishing pathology services to any PPA client for 18 months after termination of his employment for whatever reason. The hospital contract, which was terminable on 30 days notice, forbade either party's hiring an employee of the other within 12 months of such employee's termination.

On May 25, 1979 AMI gave notice of its intent to terminate the hospital's contract with PPA. On June 28, Hogg notified PPA by letter that he was terminating his employment effective July 1. Thereafter, Hogg continued to provide pathology services at the Alice Hospital.

PPA sued both AMI and Hogg in the district court of Harris County. The suit asked that the above described restrictive covenants be enforced immediately by temporary injunction, and on trial on the merits, by permanent injunction; PPA have judgment against Hogg for $180,000.00; and Hogg be required to turn over to PPA certain equipment, books, records, and checks payable to PPA.

On the date of the hearing for temporary injunction, appellee was met with Hogg's plea of privilege to be sued in Jim Wells County, whereupon PPA filed a controverting affidavit. After hearing the plea of privilege simultaneously by agreement with the application for temporary injunction,

the trial court denied both. This interlocutory appeal ensued.

If Hogg must defend a suit in Harris County the venue facts must fit under Article 4656, Tex.Rev.Civ.Stat.Ann. (Vernon 1952), or, failing that, under subdivision 29a, Article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1980).

Article 4656 reads as follows:

Jurisdiction for trial. Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered; writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. *If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile.* (Emphasis added).

■ As explained in *Brown v. Gulf Television Company*, 157 Tex. 607, 306 S.W.2d 706, 708 (1957), "where the petition discloses that the issuance of a perpetual injunction is the primary and principal relief sought, the special venue provisions of Article 4656 control. 'Where the venue depends on the nature of the suit, such venue is ordinarily determined by the nature of the principal right asserted and the relief sought for the breach thereof.' *Lone Star Mutual Life Association v. Bruno*, Tex.Civ. App., 101 S.W.2d 1059, 1060."

Under this rule, we must decide whether the principal remedy sought by PPA is the injunction to prevent Hogg's continuing to furnish pathological service to the Alice Hospital, or to recover damages for the breach of the employment contract. Principal is defined as "1: most important, consequential, or influential: relegating comparable matters . . . to secondary rank." Webster's Third New International Dictionary 1802 (1961).

It cannot be denied that appellee seeks to maintain the sanctity of its contract so that other present or future employees will be effectively deterred from breaching the non-competition covenant, as well as to be compensated for the loss of its client caused by the allegedly wrongful act of its employee.

■ Of the remedies asserted a substantial damage judgment is by far the greater deterrent. Thereby PPA would accomplish both of its goals. The financial penalty would act as the deterrent to future breaches and at the same time provide compensation for the loss of the client. It is significant to note that PPA pled only injunctive relief against AMI, while seeking a substantial damages penalty from Hogg. We conclude that the damage claim is the remedy of first importance sought by PPA in the suit against Hogg, that the relief sought is not primarily injunctive, and consequently Article 4656 does not apply. *Ex parte Coffee*, 160 Tex. 224, 328 S.W.2d 283.

■ Subdivision 29a, Article 1995, contains the following:

Two or more defendants.—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

The Texas Supreme Court announced in *Union Bus Lines v. Byrd*, 142 Tex. 257, 177 S.W.2d 774, 775 (1944):

The rule is that where, under the exceptions contained in Article 1995, a suit is properly maintainable against one defendant in a county other than the county of his residence, and the plaintiff therein joins another as defendant and seeks to sustain venue as to him under Section 29a, such other defendant is a necessary party within the meaning of Section 29a if the complete relief to which plaintiff is entitled under the facts of the case *as against the defendant properly suable in*

*that county* can be obtained only in a suit to which both defendants are parties. *Pioneer Building & Loan Ass'n v. Gray*, 132 Tex. 509, 125 S.W.2d 284; *Tarrant v. Walker*, 140 Tex. 249, 166 S.W.2d 900. (Emphasis added).

It is uncontrovertible that PPA can secure the relief sought from AMI, the party properly suable in Harris County, without the joinder of Hogg. It asks that the Alice Hospital be enjoined from employing Hogg. Such an injunction, without making Hogg a party, would effectively enforce the restrictive covenant and give appellee all of the relief for which it has pled and all of the equitable relief to which it may be entitled under the covenant. The absence of Hogg would be no bar to an injunction against AMI. We conclude that Section 29a, Article 1995, is not applicable to this case.

The court erred in overruling Appellant Hogg's plea of privilege.

By cross-point, appellee complains of the lower court's refusal to grant the temporary injunction. We disagree.

■ The trial judge, in a suit for temporary injunction, is cloaked with broad discretion either to grant or deny the injunction. His decision will not be disturbed on review in the absence of a showing of clear abuse of that discretion. *Janus Films, Inc. v. City of Ft. Worth*, 163 Tex. 616, 358 S.W.2d 589 (1962). Review by this court is necessarily limited to the single question of whether there was an abuse of discretion.

■ As we have pointed out above, appellee has an adequate remedy in damages, and thus there is no compelling reason to issue the injunction. It is noteworthy that appellee maintains that both AMI and Hogg are necessary parties to the action, but under the procedure it has selected the refusal to grant a temporary injunction against AMI is not appealed while review is requested of the lower court's action in overruling the application to temporarily enjoin Hogg. The court below has not abused its discretion in denying the temporary injunction.

The order of the trial court overruling appellant's plea of privilege is reversed and the cause remanded for transfer to Jim Wells County. The order of that court refusing to temporarily enjoin appellant is affirmed.

J. CURTISS BROWN, C. J., not sitting.