Vasilios A. KARAGOUNIS, M.D., Ph.D., Appellant,

v.

BEXAR COUNTY HOSPITAL DISTRICT d/b/a University Hospital, Appellee.

No. 04–00–00470–CV.

Court of Appeals of Texas, San Antonio.

July 25, 2001.

Rehearing Overruled Sept. 14, 2001.

Vasilios A. Karagounis, M.D., Ph.D., Staten Island, pro se.

David S. Morales, Asst. Atty. Gen., Austin, Laura A. Cavaretta, Plunkett & Gibson, Inc., San Antonio, for Appellee.

Sitting: HARDBERGER, Chief Justice, GREEN and ANGELINI, Justices.

## OPINION

HARDBERGER, Chief Justice.

Vasilios A. Karagounis, M.D., Ph.D. ("Karagounis") appeals a summary judgment granted in favor of the Bexar County Hospital District d/b/a University Hospital ("University Hospital").[1] Karagounis presents a single issue in his brief, claiming the trial court erred in granting University Hospital's motion to transfer venue from Travis County to Bexar County. We overrule Karagounis's issue and affirm the trial court's judgment.

Karagounis sued University Hospital, the University of Texas Health Science Center at San Antonio ("UTHSC"), and Jay B. Aust, Kenneth R. Sirinek, Glen Halff, and Robert S. Esterel, individually and in their official capacities (collectively the "Employees"). Karagounis alleged that the defendants had breached certain written agreements that enabled Karagounis to engage in certain residency pro-

grams and to perform services as a house staff physician. University Hospital filed a motion to transfer venue with the trial court in Travis County, asserting that Karagounis had not alleged any facts supporting venue in Travis County. Karagounis filed an amended petition alleging that UTHSC and the Employees were state officials, whose residence was Travis County, and venue was mandatory in Travis County because Karagounis's suit primarily sought injunctive relief.[2] The trial court in Travis County granted University Hospital's motion to transfer venue. After venue was transferred to Bexar County, the trial court in Bexar County granted summary judgment in favor of University Hospital.

Karagounis challenges the trial court's order transferring venue. In reviewing a trial court's order regarding venue, we must uphold the trial court's determination if there is any probative evidence in the entire record that venue was proper in the county where judgment was rendered. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex.1993).

Karagounis contends that venue was mandatory in Travis County pursuant to section 65.023 of the Texas Civil Practice and Remedies Code. Section 65.023 provides that "a writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled." TEX. CIV. PRAC. & REM.CODE ANN. § 65.023(a) (Vernon 1997). Karagounis asserts that the residence of UTHSC and the Employees, acting in their official capacity, was

---

1. The summary judgment was granted only as to Karagounis's claims against University Hospital. The trial court severed the claims asserted by Karagounis against University Hospital into a separate cause, making the summary judgment final as to those claims. Karagounis's claims against all other defendants are not before us in this appeal.

2. Karagounis has filed a motion to abate this appeal for a hearing to determine whether his amended petition was timely filed. For purposes of this appeal, we will assume, without deciding, that the amended petition was timely filed; therefore, we deny Karagounis's motion to abate.

Travis County. Karagounis further asserts that his suit primarily sought injunctive relief; therefore, Karagounis contends Travis County was the county of mandatory venue.

■ UTHSC is categorized as a part of the University of Texas system, and employees who commit acts in their official capacity are state officials. *See Whitehead v. University of Texas Health Science Center of San Antonio*, 854 S.W.2d 175, 180 (Tex.App.—San Antonio 1993, no writ). Therefore, Karagounis is correct in his assertion that venue would be mandatory in Travis County if his suit primarily sought injunctive relief. *See Burton v. Rogers*, 504 S.W.2d 404, 406–07 (Tex.1973) (venue mandatory in Travis County where action against state officials sought injunctive relief).

■ Section 65.023 applies "only to suits in which the relief sought is purely or primarily injunctive." *In re Continental Airlines, Inc.*, 988 S.W.2d 733, 736 (Tex. 1998). "The true nature of a lawsuit depends on the facts alleged in the petition, the rights asserted and the relief sought, and not on the terms used to describe the cause of action." *Billings v. Concordia Heritage Ass'n, Inc.*, 960 S.W.2d 688, 693 (Tex.App.—El Paso 1997, pet. denied); *see also Hogg v. Professional Pathology Associates, P.A.*, 598 S.W.2d 328, 330 (Tex.Civ. App.—Houston [14th Dist.], writ dism'd) (concluding damage claim was remedy of first importance in suit for breach of restrictive covenant and that relief sought was not primarily injunctive).

■ Karagounis's lawsuit seeks various remedies for breach of contract. Karagounis contends that the primary relief sought is injunctive in that he requested, "[a] permanent injunction be issued, on final trial of this case, enjoining defendants to allow the plaintiff to complete the fifth year/chief year of General Surgery residency training and complete the Cardioth-oracic Surgery residency training in Defendants' Graduate Medical Education Programs." Although Karagounis labels this relief injunctive, it is obvious that he is seeking specific performance of his contract with University Hospital because the effect of granting the injunctive relief would be to compel the carrying out of the contract. *See, e.g., National Life Co. v. Rice*, 140 Tex. 315, 167 S.W.2d 1021, 1024 (1943) (holding that party invoked remedy of specific performance where he sought to compel another party to comply with terms of insurance policy even though party sought mandatory injunction because the seeking of a mandatory injunction "[did] not change the nature of the action"); *Canteen Corp. v. Republic of Tex. Properties, Inc.*, 773 S.W.2d 398, 401 (Tex. App.—Dallas 1989, no writ) (noting contractual rights generally are not enforced by writs of injunction and the principles governing specific performance govern whether relief will be granted); *United Coin Meter Co. v. Johnson–Campbell Lumber Co.*, 493 S.W.2d 882, 888 (Tex.Civ. App.—Fort Worth 1973, no writ) (holding application for injunction was in effect an application for specific performance where effect would be to compel carrying out of the contract); *Beckham v. Munger Oil & Cotton Co.*, 185 S.W. 991, 992 (Tex.Civ. App.—Dallas 1916, no writ) (agreeing with contention that request for injunction to compel carrying out of the contract was a request for specific performance even if it was in the form of an injunction). Because the true nature of the relief Karagounis primarily sought in the underlying lawsuit was specific performance, section 65.023 did not apply, and the trial court properly granted University Hospital's motion to transfer venue.

The trial court's judgment is affirmed.