In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-08-273 CV


 ______________________



IN RE THE METHODIST HOSPITAL 






Original Proceeding






MEMORANDUM OPINION


 The Methodist Hospital filed a petition for writ of mandamus and requested a stay of
submission on a motion for summary judgment filed by the real party in interest, The
Woodlands Land Development Company, L.P. Methodist contends mandatory venue is in
Harris County because the relief sought by Woodlands is primarily injunctive. See Tex. Civ.
Prac. & Rem. Code Ann. § 15.016 (Vernon 2002); Tex. Civ. Prac. & Rem. Code Ann. §
65.023 (Vernon 1997). Woodlands alleges venue is proper in the county of filing because
its suit is an action for recovery of real property or interest in real property. See Tex. Civ.
Prac. & Rem. Code Ann. § 15.011 (Vernon 2002). We deny the petition and the motion for
temporary relief. 

 Woodlands's original petition alleged Methodist breached a contract for purchase and
sale of real property located in Montgomery County. Woodlands sought specific
performance of its repurchase rights under the contract to require Methodist to convey the
property to Woodlands' designee. Woodlands sought the same relief by injunction. After
Methodist filed a motion to transfer venue, Woodlands amended its petition to delete the
request for injunctive relief, and asserted claims for breach of contract and specific
performance, and Woodlands also sought a declaratory judgment determining its rights under
the contract. The trial court denied the motion to transfer venue. 

 Woodlands has abandoned its request for an injunction. Woodlands sought in its
original petition, and still seeks, specific performance of a contract to convey real property. 
The initial request for permanent injunction sought the same ultimate relief as the specific
performance claim in the original petition: "compelling Methodist's compliance with
Woodlands' Repurchase Right." The mandatory venue provision of section 65.023 of the
Civil Practice and Remedies Code does not apply when the true nature of the relief is specific
performance of a contract. Karagounis v. Bexar County Hosp. Dist., 70 S.W.3d 145, 147
(Tex. App.--San Antonio 2001, pet. denied); see Tex. Civ. Prac. & Rem. Code Ann. §
65.023. 

 Relator has not established that the trial court abused its discretion by failing to
enforce a mandatory venue provision. See Tex. Civ. Prac. & Rem. Code Ann. § 15.0642
(Vernon 2002). Accordingly, we deny relator's motion for temporary relief and petition for
writ of mandamus. 

 PETITION DENIED.

 PER CURIAM

Opinion Delivered June 26, 2008


Before Gaultney, Kreger, and Horton, JJ.