Opinion issued February 5, 2009










            






In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-08-00650-CV




TROY J. SHUTTLEWORTH, QUESTOCO, INC., AND U.S.A. STAFFING,
INC, Appellants

v.

G&A OUTSOURCING, INC. D/B/A G&A PARTNERS, Appellee
 

 
 
On Appeal from the 152nd Judicial District Court
Harris County, Texas
Trial Court Cause No. 2008-36860

 
 
MEMORANDUM OPINION
          
          In this accelerated appeal, Troy Shuttleworth, Questco, Inc., and U.S.A.
Staffing, Inc. (the “Shuttleworth Defendants”), contend that the trial court improperly
entered a temporary injunction requested by G&A Outsourcing, Inc. d/b/a G&A
Partners (“G&A”). We affirm the trial court’s order granting injunctive relief. Background
           In 2005, Shuttleworth was a sales representative employed by G&A, a
“professional employer organization” providing payroll administration, employee
benefits, insurance, safety and human resources to its customers and their employees. 
Shuttleworth entered into an Employment Agreement with G&A. Among other
provisions, the Employment Agreement contained a non-compete/non-solicitation
provision. 
          In 2008, Shuttleworth resigned from to work for U.S.A. Staffing, Inc. and
Questco, Inc. G&A alleges that, during his employment with G&A, Shuttleworth had
access to G&A’s confidential information, including client and prospective client
contact information and G&A’s pricing policies and strategies. G&A also alleges
that, shortly after Shuttleworth resigned from G&A, he began using confidential
information he misappropriated from G&A to solicit clients for his new employers. 
According to G&A, Shuttleworth not only contacted prospective G&A clients but
also contacted current G&A clients. 
            Subsequently, G&A filed a “Verified Application for Temporary Restraining
Order and Original Petition” in Harris County, seeking to prevent Shuttleworth’s use
of its confidential information, which G&A argued violated an employment
agreement he had signed with them in 2005. G&A pled that the acts upon which it
sued were committed, in part or in whole, in Harris County, specifically that
Shuttleworth signed the 2005 Employment Agreement in Harris County and worked
for G&A in Harris County, and that the G&A clients whom Shuttleworth had
solicited for his new employer were located in Harris County. 
          G&A’s petition sought a temporary restraining order, temporary injunction,
and permanent injunction. Based upon both the employment agreement and its rights
under common law, G&A’s request for a injunctive relief sought to (1) prohibit
Shuttleworth from continuing to breach the employment agreement by using G&A’s
confidential information or soliciting business from G&A clients; (2) preserve G&A’s
confidential information within the Shuttleworth Defendants’ possession, prevent
further viewing or dissemination of it, and have such information produced in
camera; and (3) preserve e-mails or electronic information by which Shuttleworth
may have communicated confidential information to his new employers. 
          In addition to requesting injunctive relief, G&A’s petition also raised claims
for breach of contract, misappropriation of trade secrets, tortious interference with
business relationships, tortious interference with prospective business relationships,
unjust enrichment and attorneys’ fees. G&A also sought to enforce the covenant not
to compete contained in the Employment Agreement that Shuttleworth signed as part
of his employment in 2005. An agreed temporary restraining order was entered on
June 18, 2008, with a hearing on the application for temporary injunction set for June
27, 2008.
          Shortly before the hearing on the temporary injunction on June 27, 2008, both
parties filed additional pleadings with the trial court. The Shuttleworth Defendants
filed a motion seeking to dismiss the suit on the grounds that the Harris County trial
court lacked jurisdiction over G&A’s claims against them because G&A sought
injunctive relief against the three defendants, who it had admitted in its petition were
residents of Montgomery County.


 The Shuttleworth Defendants argued that section
65.023(a) of the Texas Civil Practice and Remedies Code mandates injunctive relief
be sought in a defendant’s county of residence and that the Harris County trial court
therefore lacked jurisdiction to consider G&A’s requests for injunctive relief against
Montgomery County residents. See Tex. Civ. Prac.& Rem. Code Ann. § 65.023(a) 
(Vernon 2008). G&A filed a Supplemental Petition, asserting additional claims for
fraud against Shuttleworth and claims for conversion and theft against the corporate
defendants. In support of these claims, G&A alleged that Shuttleworth had
improperly received a salary from his new employer while still employed by G&A,
and that while he was employed by G&A, Shuttleworth had diverted a client of
G&A’s to his new employers. Based mainly on its claims of fraud, conversion and
tortious interference, G&A sought actual damages of no less than $179,000 from the
Shuttleworth Defendants, as well as attorneys’ fees and exemplary damages. 
          The trial court denied the Shuttleworth Defendants’ motion to dismiss for lack
of jurisdiction and, after an evidentiary hearing, denied the Shuttleworth Defendants’
motion to dismiss and granted G&A’s request for a temporary injunction. 
          On appeal, the Shuttleworth Defendants argue that the trial court erred by
granting the temporary injunction. The Shuttleworth Defendants argue that, because 
G&A judicially admitted that all defendants at the time the entry of the temporary
injunction were residents of Montgomery County, the temporary injunction was
improper. The Shuttleworth Defendants have brought this accelerated interlocutory
appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon 2008).


 
Analysis The Shuttleworth Defendants contend that the district court lacked jurisdiction
to enter the injunction because the defendants at the time of the injunction were all
Montgomery County residents and section 65.023(a) of the Texas Civil Practice and
Remedies Code deprives a trial court sitting in Harris County of jurisdiction to enter
an injunction in this case. G&A responds by pointing out that the statute relied upon
by the Shuttleworth Defendants for this argument is not a “jurisdictional” provision,
but is instead merely a venue provision for suits whose main purpose is to obtain
injunctive relief. G&A contends that its current suit is not brought for the primary
purpose of obtaining such injunctive relief. Accordingly, G&A contends that (1) the
Shuttleworth Defendants are improperly attempting to bring an interlocutory appeal
regarding what is properly characterized as a venue determination and (2) even if
section 65.023(a) was jurisdictional, it would not apply to G&A’s lawsuit because
G&A’s request for injunctive relief was ancillary to its breach of contract and tort
claims against the Shuttleworth Defendants. Whether a trial court has subject-matter
jurisdiction is a question of law we review de novo. Westbrook v. Penley, 231
S.W.3d 389, 394 (Tex. 2007). 
            Before we reach the issue of whether section 65.023(a) is jurisdictional or is
merely relates to venue, we first must determine whether that section even applies to
G&A’s claims in this lawsuit. The Shuttleworth Defendants characterize G&A’s
petition as one primarily seeking injunctive relief and therefore argue for the section’s
application. 
            The Texas Supreme Court has held that section 65.023(a) “applies only to suits
in which the relief sought is primarily or purely injunctive.” In re Continental
Airlines, 988 S.W.2d 733, 736 (Tex. 1998). Where the main purpose of suit is for
something other than injunctive relief and the injunction is ancillary, incidental or
adjunctive, section 65.023(a) does not apply. O’Quinn v. Hall, 77 S.W.3d 452, 456
(Tex. App.— Corpus Christi 2002, orig. proceeding). To determine the main purpose
of the suit for purposes of deciding whether the section applies, we examine the
pleadings and the relief sought. See, e.g., Continental, 988 S.W.2d at 736; Howell
v. Texas Workers’ Compensation Commission, 143 S.W.3d 416, 432 (Tex.
App.—Austin 2004, pet. denied) (stating, “if a review of the allegations and the
prayer demonstrates that issuance of a permanent injunction would be merely
ancillary to a judgment awarding declaratory relief, [section 65.023(a)] does not
apply.”); Karagounis v. Bexar County Hosp. Dist., 70 S.W.3d 145, 147 (Tex.
App.—San Antonio 2001, pet. denied) (“The true nature of a lawsuit depends on the
facts alleged in the petition, the rights asserted and the relief sought, and not on the
terms used to describe the cause of action.”). The holdings of In re Continental
Airlines and Hogg v. Professional Pathology Associates, P.A. are instructive to our
analysis. See In re Continental Airlines, 988 S.W.2d at 736; Hogg, 598 S.W.2d 328
(Tex. App.—Houston [14th Dist.] 1980, writ dism’d).
          In Continental, the City of Fort Worth filed suit for a declaratory judgment to
have a Tarrant County district court declare its rights under agreements with the City
of Dallas as to three airlines attempting to fly out of Love Field in Dallas. 988
S.W.2d at 735. In its pleadings, the City of Fort Worth sought only a declaratory
judgment and never sought any relief suggesting an injunction. Id. However, the
airlines filed a petition for writ of mandamus asserting that venue was mandatory in
Dallas County because the ultimate relief that the City of Fort Worth was seeking was
injunctive, because they claimed that the City of Fort Worth would be able to obtain
a declaratory judgment and then use injunctive remedies to enforce it. Id. Based
upon the City of Forth Worth’s pleadings, the Supreme Court determined that venue
was proper in Tarrant County, in part because the City of Fort Worth never prayed for
any injunctive relief. Id.  
          Here, unlike in Continental, G&A pled for both injunctive relief and damages
as a result of its breach of contract and tort claims. We are therefore guided by the
resolution of Hogg v. Professional Pathology Associates, P.A., a non-compete case
involving a claim for both injunctive relief and damages. 598 S.W.2d 328 (Tex.
App.—Houston [14th Dist.] 1980, writ dism’d). In that case, a pathologist allegedly
violated a restrictive covenant with his former pathology group by providing services
to a client hospital less than 18 months after he left the group. Id. at 329. The
group’s contract with the hospital also contained a covenant in which the hospital had
promised not to hire any of the group’s former employees for 12 months after the
employee ceased to work for the group. Id. The group sued both the pathologist and
the hospital, seeking $180,000 in damages from the pathologist and specific
performance of the covenants with both the pathologist and the hospital. Id. In
evaluating whether the lawsuit was primarily one for injunctive relief and thus subject
to the predecessor of section 65.023(a), the Hogg court noted that the group’s suit
was brought for the purpose of deterring future breaches of the non-competition
covenants by other employees and clients, as well as to obtain compensation for the
loss of the client hospital’s business. Id. at 330. Thus, the court concluded that the
group’s damages claim against the pathologist was the “remedy of first importance”
since it was “by far the greater deterrent” and would deter future breaches by other
employees as well as compensate the group for the loss. Id. 
          In this case, as in Hogg, the pleadings reveal that G&A’s requests for
injunctive relief were merely ancillary to its suit for damages against Shuttleworth
and his employers. In reaching this conclusion, we note that G&A’s requests for
injunctive relief sought to prevent further diversion of G&A’s confidential
information, as well as to (a) prevent further breaches of the employment agreement
and tortious acts by the Shuttleworth Defendants and (b) to preserve evidence for
discovery and trial. In addition, the actual damages sought by G&A are substantial,
and are in no small part based upon the alleged actual diversion of G&A clients or
prospects to the Shuttleworth Defendants. Accordingly, the injunctive relief sought
by G&A was not the primary purpose of its suit and section 65.023(a) does not apply.
                               Conclusion
          Because G&A’s request for injunctive relief was merely ancillary to its claims
for damages arising from the alleged breach of contract and tortious acts committed
by the Shuttleworth Defendants, section 65.023(a) does not apply to this case.
Accordingly, we do not reach the issue of whether section 65.023(a) is jurisdictional
or merely relates to venue. We overrule Appellant’s single issue, and affirm the
temporary injunction entered by the trial court. 
 
 

                                                                        George C. Hanks, Jr.
                                                                        Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.