NUMBER 13-09-00443-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN RE ADAN VOLPE PROPERTIES, LTD. AND 


MARICELA VOLPE AS GENERAL PARTNER


 


On Petition for Writ of Mandamus.


 


O P I N I O N



Before Justices Rodriguez, Garza, and Vela 


Opinion by Justice Rodriguez



 By petition for writ of mandamus, relators, Adan Volpe Properties, Ltd. ("AVP") and
Maricela Volpe as general partner, challenge an order of the trial court transferring venue
based on the mandatory venue provision governing suits for injunction. See Tex. Civ.
Prac. & Rem. Code Ann. § 65.023 (Vernon 2008). As stated herein, we conditionally grant
the petition for writ of mandamus.





I. Background


 In approximately 2003, Donato Volpe Jr., represented by Eustorgio Perez, brought
suit against AVP, Maricela Volpe, and Diana E. Volpe in the 111th District Court of Webb
County. Donato sought rescission of a purchase and sale agreement wherein he sold his
share of the AVP partnership to AVP. According to his first amended petition, Donato
lacked the mental capacity to enter into the purchase and sale agreement, and the
defendants, through constructive fraud and mental coercion, used their familial relationship
and status as his partners to take advantage of him and force the sale. Ultimately, the
parties agreed to have the matter arbitrated pursuant to the terms of the partnership
agreement. 

 The trial court appointed Luis Antonio Figueroa to serve as arbitrator and dismissed
the case by order signed on May 17, 2005. Nevertheless, the matter did not immediately
proceed to arbitration. The 111th District Court of Webb County set this cause on its
"dismissal docket" on October 7, 2005, despite the fact that the cause had already been
dismissed. The parties appeared and discussed the procedural history of the case with
the trial court, who instructed the court coordinator to remove the case from the court's
docket. 

 More than three years later, on September 5, 2008, Figueroa sent the parties
correspondence attempting to set the matter for arbitration. AVP and Maricela refused to
recognize Figueroa's authority to serve as arbitrator and refused to participate in arbitration
given the "long passage of time."

 On January 20, 2009, AVP and Maricela filed suit against real parties in interest,
Donato, Perez, and Figueroa, in the 332nd District Court of Hidalgo County, Texas,
bringing causes of action for fraud, breach of fiduciary duty, conspiracy, defamation and
libel, intentional infliction of emotional distress, invasion of privacy, and racketeering. The
petition sought a declaratory judgment, a temporary restraining order, a temporary
injunction, a permanent injunction, and actual and exemplary damages. AVP and Maricela
alleged that: 

 Venue is proper in Hidalgo County, Texas as all or a substantial part of the
events or omissions giving rise to the claim occurred herein. CPRC 15.002. 
Further, venue is proper as Hidalgo County is the principal place of business
of Adan Volpe Properties, Ltd. and the residence of Maricela Volpe, its
General Partner. Plaintiffs herein allege libel, slander and invasion of
privacy. CPRC section [15.017]. Further, venue is proper in Hidalgo County
under the liberal venue provisions of 18 U.S.C. sec. 1961-68, the Civil RICO
statute, as well as 18 U.S.C. sec. 1965(b). Finally, venue is proper in
Hidalgo County, Texas as the injunctive relief sought is ancillary to the tort
and other claims made in this suit.


 Donato, Perez, and Figueroa each filed motions to transfer venue contending that
mandatory venue exists in Webb County under section 65.023 of the civil practice and
remedies code, which is the mandatory venue provision for suits seeking injunctive relief. 
See Tex. Civ. Prac. & Rem. Code Ann. § 65.023. The trial court granted the motions to
transfer and specifically transferred venue to the 111th District Court of Webb County. 
This original proceeding ensued. (1)

II. Mandamus


 The general rule is that a venue ruling is not a final judgment ripe for appeal. See
Tex. Civ. Prac. & Rem. Code Ann. § 15.064(a) (Vernon 2002); Tex. R. Civ. P. 87(6) ("There
shall be no interlocutory appeals from such determination."). However, section 15.0642
of the civil practice and remedies code provides for mandamus relief to enforce a
mandatory venue provision: 

 A party may apply for a writ of mandamus with an appellate court to enforce
the mandatory venue provisions of this chapter. An application for the writ
of mandamus must be filed before the later of:


 (1) the 90th day before the date the trial starts; or


 (2) the 10th day after the date the party receives notice of the trial setting.


Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 (Vernon 2002); In re Transcon. Realty
Investors, 271 S.W.3d 270, 271 (Tex. 2008) (orig. proceeding); In re Tex. Dep't of Transp.,
218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding). In these circumstances, the relator is
not required to show the lack of an adequate remedy by appeal. In re Mo. Pac. R.R., 998
S.W.2d 212, 215-16 (Tex. 1999) (orig. proceeding). The only issue presented in such
cases is the legal question regarding whether the trial court properly interpreted the
mandatory venue provision. In re Transcon. Realty Investors, 271 S.W.3d at 271; In re
Tex. Ass'n of Sch. Bds., Inc., 169 S.W.3d 653, 656 (Tex. 2005) (orig. proceeding).

III. Jurisdiction


 Real parties in interest contend that this Court lacks jurisdiction over this original
proceeding. Citing In re Team Rocket, L.P., 256 S.W.3d 257, 260 (Tex. 2008) (orig.
proceeding), real parties in interest argue that "[a]fter granting a motion to transfer venue,
the transferring court and its corresponding court of appeals lose[] their jurisdiction thirty
days after the order because a transfer order is a final order for [the] transferring court." 
Real parties further contend a motion for reconsideration does not affect this deadline and
that relators have not timely filed their petition for writ of mandamus.

 We disagree with real parties' application of Team Rocket to the facts herein. In
Team Rocket, the Texas Supreme Court considered the narrow issue regarding "whether
a plaintiff who was denied his initial venue of choice can nonsuit his case in the transferee
county and refile in a third county." Id. at 258. The supreme court concluded that once a
ruling is made on venue, that decision becomes final and cannot be vitiated by nonsuiting
and refiling. See id. at 260. In reaching this conclusion, the supreme court considered the
doctrine that while "a trial court's ruling transferring venue is interlocutory for the parties,
and thus not subject to immediate appeal, the order is final for the transferring court as
long as it is not altered within the court's thirty day plenary jurisdiction." Id. This doctrine
is simply not applicable to the case herein, where we review a trial court's ruling based on
mandatory venue by original proceeding, and not appeal, and moreover, where relators
have been provided a specific statutory deadline for filing a petition for writ of mandamus. 
See Tex. Civ. Prac. & Rem. Code Ann. § 15.0642. Accordingly, we proceed to review the
merits of this original proceeding.

IV. Standard of Review


 In a mandamus regarding the application of mandatory venue, the appellate court
reviews the trial court's ruling on a motion to transfer for an abuse of discretion. In re
Applied Chem. Magnesias Corp., 206 S.W.3d 114, 117 (Tex. 2006) (orig. proceeding). A
trial court has no discretion in determining what the law is or in applying the law to the
facts. See In re Mo. Pac. R.R. Co., 998 S.W.2d at 216. A trial court abuses its discretion
if it reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. In re
Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per
curiam); In re Fort Bend County, 278 S.W.3d 842, 843 (Tex. App.-Houston [14th Dist.]
2009, orig. proceeding). The trial court has no discretion in determining the legal principles
controlling its ruling or in applying the law to the facts. In re Mo. Pac. R.R. Co., 998 S.W.2d
at 216. In determining whether venue was or was not proper, the appellate court reviews
the entire record, including the trial on the merits, if applicable. See Tex. Civ. Prac. & Rem.
Code Ann. § 15.064(b) (Vernon 2002); Wilson v. Tex. Parks & Wildlife Dep't, 886 S.W.2d
259, 261 (Tex. 1994). 

V. Motion to Transfer Venue


 Venue may be proper in more than one county under the general, mandatory or
permissive venue rules. See GeoChem Tech Corp. v. Verseckes, 962 S.W.2d 541, 544
(Tex. 1998). The plaintiff is given the first choice of the venue in which to file suit, but upon
challenge by the defense, bears the burden to prove venue is maintainable in that county. 
Tex. R. Civ. P. 87(2)(a); see also GeoChem, 962 S.W.2d at 544; In re Masonite Corp., 997
S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). The plaintiff files suit in any permissible
county or, in the case of mandatory venue provisions, in the county mandated by statute. 
Wilson, 886 S.W.2d at 260; Kshatrya v. Tex. Workforce Comm'n., 97 S.W.3d 825, 830
(Tex. App.-Dallas 2003, no pet.). 

 A defendant raises the question of proper venue by objecting to a plaintiff's venue
choice through a motion to transfer venue. See Tex. R. Civ. P. 86. A defendant may move
to transfer venue on grounds that mandatory venue lies in a different county. Id. 86(3)(b).
A party must establish mandatory venue by prima facie proof. Id. 87(3)(c). If a plaintiff's
chosen venue rests on a permissive venue statute and the defendant files a meritorious
motion to transfer based on a mandatory venue provision, the trial court must grant the
motion. Wichita County v. Hart, 917 S.W.2d 779, 781 (Tex. 1996); Spin Doctor Golf, Inc.
v. Paymentech, L.P., 296 S.W.3d 354, 357 (Tex. App.-Dallas 2009, pet. dism'd); Morris
v. Tex. Parks & Wildlife Dep't, 226 S.W.3d 720, 723 (Tex. App.-Corpus Christi 2007, no
pet.).

VI. Analysis


 As an initial matter, we note that relators filed suit in Hidalgo County based on both
permissive and mandatory venue provisions. Texas Civil Practice and Remedies Code
section 15.004 provides that when a plaintiff properly joins two or more claims and one of
the claims is governed by a mandatory venue provision, the lawsuit must be brought in the
county required by the mandatory venue provision. See Tex. Civ. Prac. & Rem. Code Ann.
§ 15.004 (Vernon 2002). Further, the general scheme of the venue statutes typically
permits the plaintiff to choose between two conflicting mandatory venue provisions. 
Marshall v. Mahaffey, 974 S.W.2d 942, 947 (Tex. App.-Beaumont 1998, pet. denied). In
the instant case, relators based venue, in part, on the mandatory venue provision
governing suits for libel, slander, or invasion of privacy. See Tex. Civ. Prac. & Rem. Code
Ann. § 15.017 (Vernon 2002) (providing that such actions shall be brought in the county
in which the plaintiff resided at the time of the accrual of the cause of action, or in the
county in which the defendant resided at the time of filing suit, or in the county of the
residence of defendants, or any of them, or the domicile of any corporate defendant, at the
election of the plaintiff). However, section 15.016 of the civil practice and remedies code
provides that "[a]n action governed by any other statute prescribing mandatory venue shall
be brought in the county required by that statute." Id. § 15.016 (Vernon 2002); see In re
Tex. Dep't of Transp., 218 S.W.3d at 76. 

 Applying these principles to the matter herein, we conclude that the separate
mandatory venue provision for injunction suits prevails over the venue provision regarding
libel, slander, and defamation found in section 15.017. See Tex. Civ. Prac. & Rem. Code
Ann. § 15.016; In re Tex. Dep't of Transp., 218 S.W.3d at 76; In re Dole Food Co., 256
S.W.3d 851, 855-56 (Tex. App.-Beaumont 2008, orig. proceeding). Accordingly, we
proceed to analyze real parties' claims that venue is proper in Webb County based on
relator's claims for injunctive relief.

 Real parties contend that Webb County is the county of mandatory venue based on
section 65.023 of the civil practice and remedies code because relators are trying to
prevent real parties from proceeding with arbitration and are thus "seeking to enjoin
Defendants and to enjoin a pending suit." According to real parties, they reside in Webb
County and the "suit" relators seek to enjoin is in Webb County, and accordingly, venue
is mandatory in Webb County. See Tex. Civ. Prac. & Rem. Code Ann. § 65.023. This
section provides for mandatory venue in cases where injunctive relief is sought: 

 (a) Except as provided by Subsection (b), a writ of injunction against a
party who is a resident of this state shall be tried in a district or county
court in the county in which the party is domiciled. If the writ is granted
against more than one party, it may be tried in the proper court of the
county in which either party is domiciled.


 (b) A writ of injunction granted to stay proceedings in a suit or execution
on a judgment must be tried in the court in which the suit is pending
or the judgment was rendered.


Id. The Texas Supreme Court has held that section 65.023 "applies only to suits in which
the relief sought is purely or primarily injunctive." In re Cont'l Airlines, 988 S.W.2d 733, 736
(Tex. 1998) (orig. proceeding). Stated otherwise, the injunction venue statute applies when
"the petition discloses that the issuance of a perpetual injunction is the primary and
principal relief sought[.]" Brown v. Gulf Television Co., 157 Tex. 607, 611, 306 S.W.2d
706, 708 (1957) (analyzing preceding version of section 65.023). Accordingly, where the
main purpose of suit is for something other than injunctive relief and the injunction is
"ancillary, incidental, or adjunctive," section 65.023(a) does not apply. O'Quinn v. Hall, 77
S.W.3d 452, 456 (Tex. App-Corpus Christi 2002, orig. proceeding). 

 To determine the main purpose of the suit for purposes of deciding whether the
section applies, we examine the pleadings and the relief sought. See In re Cont'l, 988
S.W.2d at 736; Howell v. Tex. Workers' Comp. Comm'n, 143 S.W.3d 416, 432 (Tex.
App.-Austin 2004, pet. denied); see also Karagounis v. Bexar County Hosp. Dist., 70
S.W.3d 145, 147 (Tex. App.-San Antonio 2001, pet. denied) ("The true nature of a lawsuit
depends on the facts alleged in the petition, the rights asserted and the relief sought, and
not on the terms used to describe the cause of action."). The plaintiff may have a choice
between legal and equitable remedies, but in cases where the plaintiff alleges it has no
adequate remedy at law and therefore is entitled to injunctive relief, the plaintiff has chosen
equitable relief as its primary remedy and venue is controlled by the injunction statute. 
Brown, 306 S.W.2d at 709.

 Relators argue that the Hidalgo County lawsuit is not primarily injunctive in nature 
because:

 In the case at bar . . . the pleadings reveal that AVP and Volpe's
request for injunctive relief is merely ancillary to the primary relief sought --
actual and exemplary damages associated with libel, slander, invasion of
privacy, RICO violations . . ., fraud, conspiracy and intentional infliction of
emotion distress causes of action . . . . AVP and Volpe's suit against the
defendants was brought for the purpose of deterring future defamatory acts
and conspiratorial and racketeering activities under the auspices of the
dismissed and defunct Webb County lawsuit as well as to obtain
compensation for the harm resulting from said acts and activities . . . . AVP
and Volpe's damages claims constitute a remedy of greater import than the
injunctive relief sought and would deter future defamatory acts and
conspiratorial and racketeering activities by the defendants and compensate
AVP and Volpe for their loss. 


 Further, AVP and Volpe requested the injunction as a means to
prevent a multiplicity of suits and vexatious or harassing litigation, i.e., the
filing of another lawsuit in Webb County predicated on the same grounds as
the dismissed Webb County case.


As authority, relators cite Hogg v. Professional Pathology Associates, P.A., 598 S.W.2d
328 (Tex. Civ. App.-Houston [14th Dist.] 1980, writ dism'd). Hogg involved the violation
of a non-compete agreement by a pathologist who continued to provide pathology services
to the client hospital after the pathologist and hospital terminated their respective contracts
with the pathology group. Id. at 329. The pathology group sued the pathologist and the
hospital seeking damages and specific performance of the non-compete covenants. Id. 
The court considered that the pathology group wanted to "maintain the sanctity" of its non-compete contract, but concluded that the group's claim for monetary damages would be
a greater deterrent than injunctive relief for other employees who might be tempted to
breach the agreement. Id. at 329-30. Accordingly, the Hogg court concluded that the
pathology group's principal relief was through breach of contract, and the true nature of the
suit was not injunctive. Id. at 330; see also Shuttleworth v. G&A Outsourcing, Inc., No. 01-08-00650-CV, 2009 Tex. App. LEXIS 775, *9-*11 (Tex. App.-Houston [1st Dist.] Feb. 5,
2009, no pet.) (mem. op.) (holding that requests for injunctive relief were ancillary to a suit
for damages in a case involving breach of a non-compete agreement where the alleged
damages were substantial and injunctive relief was sought to prevent further breaches and
preserve evidence for discovery and trial). 

 Similarly, in Karagounis, a doctor filed a breach of contract lawsuit against several
state entities alleging that they breached various agreements with him pertaining to his
participation in residency programs and his services as a house staff physician. 70 S.W.3d
at 146. The Austin court held that, although the doctor labeled his requested relief as
"injunctive" in nature, the doctor was really seeking specific performance of a contract. See
id. at 147. Accordingly, the court held that section 65.023 did not apply. Id.; see also
Graybar Elec. Co. v. Gonzalez (In re Graybar Elec. Co.), Nos. 13-08-00073-CV,
13-08-00294-CV, 13-08-00333-CV & 13-08-00341-CV, 2008 Tex. App. LEXIS 6868, at *22
(Tex. App.-Corpus Christi Aug. 26, 2008, no pet.) (mem. op.) (combined appeal and orig.
proceeding) (concluding that section 65.023 was inapplicable where request for temporary
injunction was ancillary to the primary relief sought, which were damages associated with
various causes of action, including breach of contract and breach of fiduciary duty). 

 In contrast, in In re Dole Food Co., the Beaumont Court of Appeals concluded that
the relief sought therein was primarily injunctive in nature where the plaintiff sought
injunctive relief to protect its existing and potential contracts with clients from interference
by strangers to the contract. 255 S.W.3d at 855. The court examined Hogg and
distinguished it by concluding that damages alone would not serve as an effective deterrent
for the defendant in this case. Id. at 854-55. Further, rather than seeking to hold the
parties to the status quo until the issues in controversy were resolved, the plaintiff sought
"substantial, permanent restraints on the defendants' speech and conduct." Id. The
plaintiff admitted in its pleadings that its damages resulting from the defendants'
interference with its existing and potential contracts could not "be ascertained by any
certain pecuniary standard." Id. Based on the foregoing, the court held that the injunctive
relief sought was not clearly ancillary, incidental, or adjunctive to the plaintiff's request for
damages, but comprised the primary relief sought, and accordingly, applied section 65.023
to the case. Id. 

 As stated previously, relators brought suit against real parties for fraud, breach of
fiduciary duty, conspiracy, defamation and libel, intentional infliction of emotional distress,
invasion of privacy, and racketeering. Their petition sought a declaratory judgment, a
temporary restraining order, a temporary injunction, a permanent injunction, and actual and
exemplary damages. In this case, as in Hogg, Karagounis, and Shuttleworth, a review of
the pleadings and the relief sought show that relators' requests for injunctive relief were
sought to prevent arbitration and "further libel and slander," and to preserve relators' right
to trial and to prevent a multiplicity of suits. The request for injunctive relief was therefore
ancillary or adjunctive to relators' causes of action for actual damages. In short, based on
the pleadings and relief sought, we cannot conclude that the relief sought against real
parties in interest is "purely or primarily injunctive." In re Cont'l Airlines, 988 S.W.2d at 736. 
Accordingly, section 65.023 does not apply to compel mandatory venue in Webb County. 



VII. Conclusion


 Because section 65.023 does not apply to this case, the trial court abused its
discretion in transferring this suit to the 111th District Court of Webb County. We
conditionally grant the petition for writ of mandamus and direct the trial court to withdraw
its order granting the transfer of venue within ten days from the date of this opinion. The
writ will issue only if the trial court fails to comply.

 

 

 NELDA V. RODRIGUEZ

 Justice


Delivered and filed the 12th 

day of February, 2010.


1. We note the unusual procedural posture of this case, wherein the challenge to a transfer order
based on mandatory venue comes from the plaintiffs below, who are challenging an order granting a transfer
of venue, rather than the typical case, where a defendant challenges an order denying a motion to transfer
venue. See generally Tex. Civ. Prac. & Rem. Code Ann. § 15.0642 (Vernon 2002) (allowing a "party" to bring
an original proceeding to enforce mandatory venue).