**Reversed and Remanded and Memorandum Opinion filed June 18, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00008-CV

## MATTHEW S. BOVEE, Appellant

## V.

## HOUSTON PRESS, L.P., MARGARET DOWNING, DIANNA WRAY, PETER RYAN, DALLAS OBSERVER, L.P., PATRICK WILLIAMS, LIN TELEVISION OF TEXAS, L.P. D/B/A KXAN-TV, MEDIA GENERAL, INC., DAWN DENNY, VOICE MEDIA GROUP, AND JANE DOE, Appellees

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2016-16984**

## M E M O R A N D U M   O P I N I O N

Appellant Matthew S. Bovee filed suit in Johnson County asserting claims against eleven defendants for defamation, negligence, and conspiracy. The Johnson County trial court granted defendant Jane Doe's motion to transfer venue to Harris County. Because we conclude this transfer was in error, we reverse the

Harris County trial court's final judgment and remand with instructions to transfer this cause back to Johnson County.

## BACKGROUND

In May 2011, Bovee pleaded guilty to the third-degree felony offense of injury to a child. The offense arose from an incident that occurred while Bovee was a counselor at Camp La Junta, a summer camp for boys. Bovee was sentenced to ten years' supervised release.

Five months after his conviction, Bovee's supervised release was revoked for his failure to comply with the conditions of his community supervision. While he was incarcerated, Bovee filed suit in Johnson County against the following defendants:

- Houston Press, L.P., publisher of the *Houston Press* newspaper;
- Margaret Downing, editor of the *Houston Press*;
- Dianna Wray, reporter for the *Houston Press*;
- Peter Ryan, artist for the *Houston Press*;
- Dallas Observer, L.P., publisher of the *Dallas Observer* newspaper;
- Patrick Williams, editor of the *Dallas Observer*;
- LIN Television of Texas, L.P., d/b/a KXAN-TV;
- Media General, Inc., parent company for KXAN-TV;
- Dawn Denny, reporter for KXAN-TV;
- Voice Media Group, a holding company with ownership interests in Houston Press, L.P. and Dallas Observer, L.P.; and
- Jane Doe, mother of the 11-year old complainant in Bovee's criminal case.

Bovee asserted claims for defamation, conspiracy, and negligence in connection with three published articles and a local news broadcast that discussed the Camp

2

La Junta incident. Bovee also asserted a defamation claim arising from Doe's alleged phone call to a warden at Bovee's prison unit. Bovee's suit sought monetary relief of over $1 million and a preliminary and permanent injunction ordering the defendants to "cease and desist from further republication of the defamatory material" and to "remove the defamatory publications from circulation."

Defendants Houston Press, L.P., Downing, Wray, Ryan, Dallas Observer, L.P., Williams, and Voice Media Group (collectively, the "Press Defendants") filed a motion to dismiss Bovee's claims under chapters 14 and 27 of the Texas Civil Practice and Remedies Code. Defendants LIN Television of Texas, L.P. and Media General, Inc. (collectively, the "Television Defendants") filed a separate motion to dismiss under chapters 14 and 27. Doe filed a motion to transfer venue and a motion to dismiss under chapters 14 and 27. Denny has not filed an answer to Bovee's claims.

In two orders signed on December 7, 2015, the Johnson County trial court granted (1) the Press Defendants' motion to dismiss; (2) the Television Defendants' motion to dismiss; and (3) Doe's motion to transfer venue. Bovee's suit was transferred to the 270th District Court of Harris County. Doe thereafter filed a second motion to dismiss.

The Harris County trial court signed an order on August 29, 2016 granting Doe's motion to dismiss. The order states, "THIS IS A FINAL JUDGMENT. ALL RELIEF NOT EXPRESSLY GRANTED HEREIN IS DENIED." The Harris County trial court signed an "Amended Final Judgment" on October 20, 2016 and awarded Doe $100,000 in sanctions against Bovee. The "Amended Final Judgment" states, "THIS JUDGMENT FINALLY DISPOSES OF ALL PARTIES AND ALL CLAIMS AND IS APPEALABLE. ALL RELIEF NOT EXPRESSLY

3

GRANTED HEREIN IS DENIED." Bovee timely appealed.

ANALYSIS

Bovee asserts six issues on appeal and initially challenges the Johnson Country trial court's order granting Doe's motion to transfer venue. Bovee's remaining five issues challenge actions taken by the Harris County trial court after the case was transferred.[1] Because we conclude the Johnson County trial court erred in granting Doe's motion to transfer venue, we do not address Bovee's other issues on appeal or his claims against the Press Defendants, the Television Defendants, and Denny. *See* Tex. R. App. P. 47.1 (an appellate court need only address issues necessary to final disposition of appeal).[2]

## I. The Johnson County Trial Court Erred by Granting Doe's Motion to Transfer Venue.

Bovee filed suit in Johnson County pursuant to section 15.019 of the Texas Civil Practice and Remedies Code (the inmate litigation venue provision). Doe's motion to transfer venue argued that Bovee's suit sought injunctive relief and she therefore was entitled to a venue transfer under section 65.023 (the injunctive relief venue provision). The Johnson County trial court granted Doe's motion and Bovee challenges this determination on appeal.

---

[1] Bovee's remaining issues assert the Harris County trial court erred by (1) granting Doe's motion to dismiss; (2) dismissing Bovee's claims "with prejudice;" (3) failing to file findings of fact and conclusions of law; and (4) dismissing defendants Voice Media Group and Dawn Denny.

[2] Additionally, the propriety of withholding judgment on the merits of such matters is further supported by the inescapable conclusion that the Waco Court of Appeals should adjudicate such merits absent a transfer order or extraordinary circumstances, neither of which are present herein.

## A. Standard of Review and Governing Law

When a party appeals a venue determination, "we review not only the pleadings and affidavits but the entire record." *Moveforfree.com, Inc. v. David Hetrick, Inc.*, 288 S.W.3d 539, 541 (Tex. App.—Houston [14th Dist.] 2009, no pet.). When examining motions to transfer venue, we view the evidence in the light most favorable to the trial court's ruling and, "if there is any probative evidence in the record that venue was proper in the county in which the lower court rendered judgment, we must uphold the trial court's venue determination." *Johnson v. Davis*, 178 S.W.3d 230, 236 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

Because venue may be proper in more than one county, the plaintiff generally is given the first choice to fix venue in a proper county by filing suit therein. *See In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding); *see also Cantu v. Howard S. Grossman, P.A.*, 251 S.W.3d 731, 735 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). If the defendant challenges the plaintiff's venue choice, the plaintiff must present prima facie proof venue is proper. *See* Tex. R. Civ. P. 87(2)(a), (3)(a); *see also Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260-61 (Tex. 1994). If the plaintiff fails to satisfy this burden, the trial court must grant the defendant's motion to transfer venue (provided the defendant has requested transfer to another county of proper venue). *Cantu*, 251 S.W.3d at 735 (citing *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding)). The defendant has the burden to provide prima facie proof showing the transferee-county is a proper venue. *In re Masonite Corp.*, 997 S.W.2d at 197.

Bovee's second amended petition invoked Texas Civil Practice and Remedies Code section 15.019(a) which states, subject to inapplicable exceptions,

"an action that accrued while the plaintiff was housed in a facility operated by or under contract with the Texas Department of Criminal Justice shall be brought in the county in which the facility is located." Tex. Civ. Prac. & Rem. Code Ann. § 15.019(a) (Vernon 2017). Bovee asserted his claims accrued while he was incarcerated in Johnson County and that it was therefore the proper venue.

Doe's motion to transfer did not challenge the pleaded venue facts. Instead, it relied on section 65.023, which states: "[A] writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled." *Id*. § 65.023(a) (Vernon 2008). However, this applies "only to suits in which the relief sought is purely or primarily injunctive." *In re Continental Airlines, Inc.*, 988 S.W.2d 733, 736 (Tex. 1998) (orig. proceeding). Section 65.023 does not apply when the injunctive relief is ancillary, incidental, or adjunctive to other relief sought. *O'Quinn v. Hall*, 77 S.W.3d 452, 456 (Tex. App.—Corpus Christi 2002, orig. proceeding). Therefore, when a party seeks a permanent injunction as well as other relief, the court must review the pleadings and the requested relief to determine the applicability of section 65.023. *See Hogg v. Prof'l Pathology Assocs., P.A.*, 598 S.W.2d 328, 330 (Tex. App.—Houston [14th Dist.] 1980, writ dism'd); *see also In re Ross*, No. 05-18-01052-CV, 2018 WL 6695596, at *2 (Tex. App.—Dallas Dec. 20, 2018, orig. proceeding) (mem. op.); and *Shuttleworth v. G&A Outsourcing, Inc.*, No. 01-08-00650-CV, 2009 WL 277052, at *3-4 (Tex. App.—Houston [1st Dist.] Feb. 5, 2009, no pet.) (mem. op.).

Applying these principles, the Dallas Court of Appeals in *In re Ross* affirmed the trial court's denial of a motion to transfer venue pursuant to section 65.023. 2018 WL 6695596, at *2. The *Ross* plaintiff sued the defendants for allegedly breaching their employment agreements and misappropriating the

6

plaintiff's confidential information; the plaintiff requested a permanent injunction as well as damages. *Id*. at \*1. Holding that "[t]he inclusion of a request for permanent injunction as one of multiple requests for relief is not alone sufficient to require application of section 65.023," the court noted the plaintiff sought "substantial" monetary damages that were "not mirror images of the claims for injunctive relief." *Id*. at \*2; *see also Hogg*, 598 S.W.2d at 330. Concluding the injunctive relief was "ancillary to and in support of [the plaintiff's] desire for compensation," the court held that section 65.023 did not apply to the plaintiff's claims. *Ross*, 2018 WL 6695596, at \*2. We are guided by the *Ross* court's decision and find compelling its analysis regarding the various forms of relief sought in the plaintiff's petition.

### B.    Application

Challenging the order granting Doe's motion to transfer, Bovee argues section 65.023 does not apply because his suit did not primarily seek injunctive relief. We agree and conclude Doe did not meet her burden to show section 65.023 warranted transferring Bovee's suit to Harris County.

Bovee's second amended petition (1) asserted claims for defamation, conspiracy, and negligence, and (2) requested:

- "[M]onetary relief [of] over $1,000,000[;]"
- "A preliminary and permanent injunction ordering Defendants to cease and desist from further republication of the defamatory material herein complained of;"
- "A preliminary and permanent injunction ordering Defendants to remove the defamatory publications from circulation via their respective corporate websites & distribution channels[;]"
- "A declaration that the acts & omissions described herein violated Plaintiff[']s rights under Texas law;" and

7

- "Any additional relief this Court deems just, equitable, and proper."

Bovee's petition reiterated the specific monetary relief sought for each cause of action and listed the general damages, exemplary damages, and costs of suit for each claim.

Considered altogether, these pleadings do not support the conclusion that Bovee's suit "purely or primarily" sought injunctive relief. *See In re Continental Airlines, Inc.*, 988 S.W.2d at 736. Bovee's suit sought substantial monetary damages to compensate for the damages allegedly caused by the published articles and local news broadcast that discussed the Camp La Junta incident. Although Bovee also sought injunctive relief to remove and prevent the republication of the allegedly defamatory material, this requested relief was ancillary to the substantial monetary relief he sought. *See Ross*, 2018 WL 6695596, at *2; *see also Hogg*, 598 S.W.2d at 330. Moreover, Bovee's requested $1 million in damages likely would be a greater deterrent than an injunction targeting a narrow selection of published material. *See Hogg*, 598 S.W.2d at 330 (concluding the plaintiff's suit did not primarily seek injunctive relief, this court noted the "substantial damage[s]" sought were "by far the greater deterrent"). We therefore sustain Bovee's first issue and conclude the Johnson County trial court erred by granting Doe's motion to transfer pursuant to section 65.023.

## CONCLUSION

If venue was improper, "it shall in no event be harmless error and shall be reversible error." Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b) (Vernon 2017). Accordingly, we reverse the Harris County trial court's final judgment and remand with instructions for this cause to be returned to Johnson County.

                    /s/     Meagan Hassan
                               Justice


Panel consists of Justices Christopher, Hassan, and Poissant.