

**NUMBER 13-09-00443-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

### IN RE ADAN VOLPE PROPERTIES, LTD. AND
### MARICELA VOLPE AS GENERAL PARTNER

---

**On Petition for Writ of Mandamus.**

---

# O P I N I O N

**Before Justices Rodriguez, Garza, and Vela**
**Opinion by Justice Rodriguez**

By petition for writ of mandamus, relators, Adan Volpe Properties, Ltd. ("AVP") and

Maricela Volpe as general partner, challenge an order of the trial court transferring venue

based on the mandatory venue provision governing suits for injunction. *See* TEX. CIV.

PRAC. & REM. CODE ANN. § 65.023 (Vernon 2008). As stated herein, we conditionally grant

the petition for writ of mandamus.

## I. BACKGROUND

In approximately 2003, Donato Volpe Jr., represented by Eustorgio Perez, brought suit against AVP, Maricela Volpe, and Diana E. Volpe in the 111th District Court of Webb County. Donato sought rescission of a purchase and sale agreement wherein he sold his share of the AVP partnership to AVP. According to his first amended petition, Donato lacked the mental capacity to enter into the purchase and sale agreement, and the defendants, through constructive fraud and mental coercion, used their familial relationship and status as his partners to take advantage of him and force the sale. Ultimately, the parties agreed to have the matter arbitrated pursuant to the terms of the partnership agreement.

The trial court appointed Luis Antonio Figueroa to serve as arbitrator and dismissed the case by order signed on May 17, 2005. Nevertheless, the matter did not immediately proceed to arbitration. The 111th District Court of Webb County set this cause on its "dismissal docket" on October 7, 2005, despite the fact that the cause had already been dismissed. The parties appeared and discussed the procedural history of the case with the trial court, who instructed the court coordinator to remove the case from the court's docket.

More than three years later, on September 5, 2008, Figueroa sent the parties correspondence attempting to set the matter for arbitration. AVP and Maricela refused to recognize Figueroa's authority to serve as arbitrator and refused to participate in arbitration given the "long passage of time."

On January 20, 2009, AVP and Maricela filed suit against real parties in interest, Donato, Perez, and Figueroa, in the 332nd District Court of Hidalgo County, Texas,

2

bringing causes of action for fraud, breach of fiduciary duty, conspiracy, defamation and libel, intentional infliction of emotional distress, invasion of privacy, and racketeering. The petition sought a declaratory judgment, a temporary restraining order, a temporary injunction, a permanent injunction, and actual and exemplary damages. AVP and Maricela alleged that:

> Venue is proper in Hidalgo County, Texas as all or a substantial part of the events or omissions giving rise to the claim occurred herein. CPRC 15.002. Further, venue is proper as Hidalgo County is the principal place of business of Adan Volpe Properties, Ltd. and the residence of Maricela Volpe, its General Partner. Plaintiffs herein allege libel, slander and invasion of privacy. CPRC section [15.017]. Further, venue is proper in Hidalgo County under the liberal venue provisions of 18 U.S.C. sec. 1961-68, the Civil RICO statute, as well as 18 U.S.C. sec. 1965(b). Finally, venue is proper in Hidalgo County, Texas as the injunctive relief sought is ancillary to the tort and other claims made in this suit.

Donato, Perez, and Figueroa each filed motions to transfer venue contending that mandatory venue exists in Webb County under section 65.023 of the civil practice and remedies code, which is the mandatory venue provision for suits seeking injunctive relief. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 65.023. The trial court granted the motions to transfer and specifically transferred venue to the 111th District Court of Webb County. This original proceeding ensued.[1]

## II. MANDAMUS

The general rule is that a venue ruling is not a final judgment ripe for appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (Vernon 2002); TEX. R. CIV. P. 87(6) ("There

---

[1] We note the unusual procedural posture of this case, wherein the challenge to a transfer order based on mandatory venue comes from the plaintiffs below, who are challenging an order granting a transfer of venue, rather than the typical case, where a defendant challenges an order denying a motion to transfer venue. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (Vernon 2002) (allowing a "party" to bring an original proceeding to enforce mandatory venue).

3

shall be no interlocutory appeals from such determination."). However, section 15.0642 of the civil practice and remedies code provides for mandamus relief to enforce a mandatory venue provision:

> A party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of this chapter. An application for the writ of mandamus must be filed before the later of:
>
> (1)    the 90th day before the date the trial starts; or
>
> (2)    the 10th day after the date the party receives notice of the trial setting.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (Vernon 2002); *In re Transcon. Realty Investors*, 271 S.W.3d 270, 271 (Tex. 2008) (orig. proceeding); *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding). In these circumstances, the relator is not required to show the lack of an adequate remedy by appeal. *In re Mo. Pac. R.R.*, 998 S.W.2d 212, 215-16 (Tex. 1999) (orig. proceeding). The only issue presented in such cases is the legal question regarding whether the trial court properly interpreted the mandatory venue provision. *In re Transcon. Realty Investors*, 271 S.W.3d at 271; *In re Tex. Ass'n of Sch. Bds., Inc.*, 169 S.W.3d 653, 656 (Tex. 2005) (orig. proceeding).

## III. JURISDICTION

Real parties in interest contend that this Court lacks jurisdiction over this original proceeding. Citing *In re Team Rocket, L.P.*, 256 S.W.3d 257, 260 (Tex. 2008) (orig. proceeding), real parties in interest argue that "[a]fter granting a motion to transfer venue, the transferring court and its corresponding court of appeals lose[] their jurisdiction thirty days after the order because a transfer order is a final order for [the] transferring court."

4

Real parties further contend a motion for reconsideration does not affect this deadline and that relators have not timely filed their petition for writ of mandamus.

We disagree with real parties' application of *Team Rocket* to the facts herein. In *Team Rocket*, the Texas Supreme Court considered the narrow issue regarding "whether a plaintiff who was denied his initial venue of choice can nonsuit his case in the transferee county and refile in a third county." *Id.* at 258. The supreme court concluded that once a ruling is made on venue, that decision becomes final and cannot be vitiated by nonsuiting and refiling. *See id.* at 260. In reaching this conclusion, the supreme court considered the doctrine that while "a trial court's ruling transferring venue is interlocutory for the parties, and thus not subject to immediate appeal, the order is final for the transferring court as long as it is not altered within the court's thirty day plenary jurisdiction." *Id.* This doctrine is simply not applicable to the case herein, where we review a trial court's ruling based on mandatory venue by original proceeding, and not appeal, and moreover, where relators have been provided a specific statutory deadline for filing a petition for writ of mandamus. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642. Accordingly, we proceed to review the merits of this original proceeding.

## IV. STANDARD OF REVIEW

In a mandamus regarding the application of mandatory venue, the appellate court reviews the trial court's ruling on a motion to transfer for an abuse of discretion. *In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 117 (Tex. 2006) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *See In re Mo. Pac. R.R. Co.*, 998 S.W.2d at 216. A trial court abuses its discretion

5

if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *In re Fort Bend County*, 278 S.W.3d 842, 843 (Tex. App.–Houston [14th Dist.] 2009, orig. proceeding). The trial court has no discretion in determining the legal principles controlling its ruling or in applying the law to the facts. *In re Mo. Pac. R.R. Co.*, 998 S.W.2d at 216. In determining whether venue was or was not proper, the appellate court reviews the entire record, including the trial on the merits, if applicable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b) (Vernon 2002); *Wilson v. Tex. Parks & Wildlife Dep't,* 886 S.W.2d 259, 261 (Tex. 1994).

## V. MOTION TO TRANSFER VENUE

Venue may be proper in more than one county under the general, mandatory or permissive venue rules. *See GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 544 (Tex. 1998). The plaintiff is given the first choice of the venue in which to file suit, but upon challenge by the defense, bears the burden to prove venue is maintainable in that county. TEX. R. CIV. P. 87(2)(a); *see also GeoChem*, 962 S.W.2d at 544; *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). The plaintiff files suit in any permissible county or, in the case of mandatory venue provisions, in the county mandated by statute. *Wilson*, 886 S.W.2d at 260; *Kshatrya v. Tex. Workforce Comm'n.*, 97 S.W.3d 825, 830 (Tex. App.–Dallas 2003, no pet.).

A defendant raises the question of proper venue by objecting to a plaintiff's venue choice through a motion to transfer venue. *See* TEX. R. CIV. P. 86. A defendant may move

6

to transfer venue on grounds that mandatory venue lies in a different county. *Id.* 86(3)(b). A party must establish mandatory venue by prima facie proof. *Id.* 87(3)(c). If a plaintiff's chosen venue rests on a permissive venue statute and the defendant files a meritorious motion to transfer based on a mandatory venue provision, the trial court must grant the motion*. Wichita County v. Hart*, 917 S.W.2d 779, 781 (Tex. 1996); *Spin Doctor Golf, Inc. v. Paymentech, L.P.*, 296 S.W.3d 354, 357 (Tex. App.–Dallas 2009, pet. dism'd); *Morris v. Tex. Parks & Wildlife Dep't*, 226 S.W.3d 720, 723 (Tex. App.–Corpus Christi 2007, no pet.).

## VI. ANALYSIS

As an initial matter, we note that relators filed suit in Hidalgo County based on both permissive and mandatory venue provisions. Texas Civil Practice and Remedies Code section 15.004 provides that when a plaintiff properly joins two or more claims and one of the claims is governed by a mandatory venue provision, the lawsuit must be brought in the county required by the mandatory venue provision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.004 (Vernon 2002). Further, the general scheme of the venue statutes typically permits the plaintiff to choose between two conflicting mandatory venue provisions. *Marshall v. Mahaffey*, 974 S.W.2d 942, 947 (Tex. App.–Beaumont 1998, pet. denied). In the instant case, relators based venue, in part, on the mandatory venue provision governing suits for libel, slander, or invasion of privacy. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.017 (Vernon 2002) (providing that such actions shall be brought in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county in which the defendant resided at the time of filing suit, or in the county of the

7

residence of defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff).  However, section 15.016 of the civil practice and remedies code provides that "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute."  *Id.* § 15.016 (Vernon 2002); *see In re Tex. Dep't of Transp.*, 218 S.W.3d at 76.

Applying these principles to the matter herein, we conclude that the separate mandatory venue provision for injunction suits prevails over the venue provision regarding libel, slander, and defamation found in section 15.017.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.016; *In re Tex. Dep't of Transp.*, 218 S.W.3d at 76; *In re Dole Food Co.*, 256 S.W.3d 851, 855-56 (Tex. App.–Beaumont 2008, orig. proceeding).  Accordingly, we proceed to analyze real parties' claims that venue is proper in Webb County based on relator's claims for injunctive relief.

Real parties contend that Webb County is the county of mandatory venue based on section 65.023 of the civil practice and remedies code because relators are trying to prevent real parties from proceeding with arbitration and are thus "seeking to enjoin Defendants and to enjoin a pending suit."  According to real parties, they reside in Webb County and the "suit" relators seek to enjoin is in Webb County, and accordingly, venue is mandatory in Webb County.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 65.023.  This section provides for mandatory venue in cases where injunctive relief is sought:

> (a)  Except as provided by Subsection (b), a writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled. If the writ is granted against more than one party, it may be tried in the proper court of the county in which either party is domiciled.

8

> (b)    A writ of injunction granted to stay proceedings in a suit or execution on a judgment must be tried in the court in which the suit is pending or the judgment was rendered.

*Id.* The Texas Supreme Court has held that section 65.023 "applies only to suits in which the relief sought is purely or primarily injunctive." *In re Cont'l Airlines*, 988 S.W.2d 733, 736 (Tex. 1998) (orig. proceeding). Stated otherwise, the injunction venue statute applies when "the petition discloses that the issuance of a perpetual injunction is the primary and principal relief sought[.]" *Brown v. Gulf Television Co.*, 157 Tex. 607, 611, 306 S.W.2d 706, 708 (1957) (analyzing preceding version of section 65.023). Accordingly, where the main purpose of suit is for something other than injunctive relief and the injunction is "ancillary, incidental, or adjunctive," section 65.023(a) does not apply. *O'Quinn v. Hall*, 77 S.W.3d 452, 456 (Tex. App–Corpus Christi 2002, orig. proceeding).

To determine the main purpose of the suit for purposes of deciding whether the section applies, we examine the pleadings and the relief sought. *See In re Cont'l*, 988 S.W.2d at 736; *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 432 (Tex. App.–Austin 2004, pet. denied); *see also Karagounis v. Bexar County Hosp. Dist.*, 70 S.W.3d 145, 147 (Tex. App.–San Antonio 2001, pet. denied) ("The true nature of a lawsuit depends on the facts alleged in the petition, the rights asserted and the relief sought, and not on the terms used to describe the cause of action."). The plaintiff may have a choice between legal and equitable remedies, but in cases where the plaintiff alleges it has no adequate remedy at law and therefore is entitled to injunctive relief, the plaintiff has chosen equitable relief as its primary remedy and venue is controlled by the injunction statute. *Brown*, 306 S.W.2d at 709.

9

Relators argue that the Hidalgo County lawsuit is not primarily injunctive in nature because:

> In the case at bar . . . the pleadings reveal that AVP and Volpe's request for injunctive relief is merely ancillary to the primary relief sought — actual and exemplary damages associated with libel, slander, invasion of privacy, RICO violations . . ., fraud, conspiracy and intentional infliction of emotion distress causes of action . . . . AVP and Volpe's suit against the defendants was brought for the purpose of deterring future defamatory acts and conspiratorial and racketeering activities under the auspices of the dismissed and defunct Webb County lawsuit as well as to obtain compensation for the harm resulting from said acts and activities . . . . AVP and Volpe's damages claims constitute a remedy of greater import than the injunctive relief sought and would deter future defamatory acts and conspiratorial and racketeering activities by the defendants and compensate AVP and Volpe for their loss.
>
> Further, AVP and Volpe requested the injunction as a means to prevent a multiplicity of suits and vexatious or harassing litigation, i.e., the filing of another lawsuit in Webb County predicated on the same grounds as the dismissed Webb County case.

As authority, relators cite *Hogg v. Professional Pathology Associates, P.A.*, 598 S.W.2d 328 (Tex. Civ. App.–Houston [14th Dist.] 1980, writ dism'd). *Hogg* involved the violation of a non-compete agreement by a pathologist who continued to provide pathology services to the client hospital after the pathologist and hospital terminated their respective contracts with the pathology group. *Id*. at 329. The pathology group sued the pathologist and the hospital seeking damages and specific performance of the non-compete covenants. *Id.* The court considered that the pathology group wanted to "maintain the sanctity" of its non-compete contract, but concluded that the group's claim for monetary damages would be a greater deterrent than injunctive relief for other employees who might be tempted to breach the agreement. *Id.* at 329-30. Accordingly, the *Hogg* court concluded that the pathology group's principal relief was through breach of contract, and the true nature of the

10

suit was not injunctive.  *Id.* at 330; *see also Shuttleworth v. G&A Outsourcing, Inc.*, No. 01-08-00650-CV, 2009 Tex. App. LEXIS 775, *9-*11 (Tex. App.–Houston [1st Dist.] Feb. 5, 2009, no pet.) (mem. op.) (holding that requests for injunctive relief were ancillary to a suit for damages in a case involving breach of a non-compete agreement where the alleged damages were substantial and injunctive relief was sought to prevent further breaches and preserve evidence for discovery and trial).

Similarly, in *Karagounis*, a doctor filed a breach of contract lawsuit against several state entities alleging that they breached various agreements with him pertaining to his participation in residency programs and his services as a house staff physician. 70 S.W.3d at 146. The Austin court held that, although the doctor labeled his requested relief as "injunctive" in nature, the doctor was really seeking specific performance of a contract.  *See id.* at 147.  Accordingly, the court held that section 65.023 did not apply.  *Id.*; *see also Graybar Elec. Co. v. Gonzalez (In re Graybar Elec. Co.)*, Nos. 13-08-00073-CV, 13-08-00294-CV, 13-08-00333-CV & 13-08-00341-CV, 2008 Tex. App. LEXIS 6868, at *22 (Tex. App.–Corpus Christi Aug. 26, 2008, no pet.) (mem. op.) (combined appeal and orig. proceeding) (concluding that section 65.023 was inapplicable where request for temporary injunction was ancillary to the primary relief sought, which were damages associated with various causes of action, including breach of contract and breach of fiduciary duty).

In contrast, in *In re Dole Food Co.*, the Beaumont Court of Appeals concluded that the relief sought therein was primarily injunctive in nature where the plaintiff sought injunctive relief to protect its existing and potential contracts with clients from interference by strangers to the contract.  255 S.W.3d at 855.  The court examined *Hogg* and

11

distinguished it by concluding that damages alone would not serve as an effective deterrent for the defendant in this case. *Id.* at 854-55. Further, rather than seeking to hold the parties to the status quo until the issues in controversy were resolved, the plaintiff sought "substantial, permanent restraints on the defendants' speech and conduct." *Id.* The plaintiff admitted in its pleadings that its damages resulting from the defendants' interference with its existing and potential contracts could not "be ascertained by any certain pecuniary standard." *Id.* Based on the foregoing, the court held that the injunctive relief sought was not clearly ancillary, incidental, or adjunctive to the plaintiff's request for damages, but comprised the primary relief sought, and accordingly, applied section 65.023 to the case. *Id.*

As stated previously, relators brought suit against real parties for fraud, breach of fiduciary duty, conspiracy, defamation and libel, intentional infliction of emotional distress, invasion of privacy, and racketeering. Their petition sought a declaratory judgment, a temporary restraining order, a temporary injunction, a permanent injunction, and actual and exemplary damages. In this case, as in *Hogg*, *Karagounis*, and *Shuttleworth*, a review of the pleadings and the relief sought show that relators' requests for injunctive relief were sought to prevent arbitration and "further libel and slander," and to preserve relators' right to trial and to prevent a multiplicity of suits. The request for injunctive relief was therefore ancillary or adjunctive to relators' causes of action for actual damages. In short, based on the pleadings and relief sought, we cannot conclude that the relief sought against real parties in interest is "purely or primarily injunctive." *In re Cont'l Airlines*, 988 S.W.2d at 736. Accordingly, section 65.023 does not apply to compel mandatory venue in Webb County.

## VII. Conclusion

Because section 65.023 does not apply to this case, the trial court abused its discretion in transferring this suit to the 111th District Court of Webb County. We conditionally grant the petition for writ of mandamus and direct the trial court to withdraw its order granting the transfer of venue within ten days from the date of this opinion. The writ will issue only if the trial court fails to comply.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 12th
day of February, 2010.