NUMBER 13-11-00306-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE:  UNITED BIOLOGICS, LLC D/B/A UNITED ALLERGY
LABS

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Rodriguez
and Benavides

Memorandum
Opinion Per Curiam[1]

Relator, United Biologics, LLC
d/b/a United Allergy Labs, filed a petition for writ of mandamus in the above
cause on May 16, 2011, seeking to compel the trial court to transfer venue from
Hidalgo County to Bexar County.  The Court requested and received a response to
the petition for writ of mandamus and a supplemental record from the real party
in interest, Mario A. Echavarria, M.D., P.A.  

Ordinarily, mandamus relief lies
when the trial court has abused its discretion and a party has no adequate
appellate remedy.  In re Prudential Ins. Co., 148 S.W.3d 124, 135-36
(Tex. 2004) (orig. proceeding); Walker v. Packer, 827 S.W.2d 833, 839-40
(Tex. 1992) (orig. proceeding).  A trial court abuses its discretion if it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law or if it clearly fails to correctly analyze or apply
the law.  See In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382
(Tex. 2005) (orig. proceeding).  

Mandatory venue
provisions may be enforced by mandamus.  See Tex. Civ. Prac. & Rem. Code Ann. §
15.0642 (West 2002).  Where a party seeks to enforce a mandatory venue
provision under chapter 15 of the Texas Civil Practices and Remedies Code, a
party is required only to show that the trial court abused its discretion by
failing to transfer the case and is not required to prove that it lacks an
adequate appellate remedy.  In re Tex. Dept. of Transp., 218 S.W.3d 74,
76 (Tex. 2007) (orig. proceeding).  In mandatory venue mandamus actions, we
look only to whether the trial court clearly abused its discretion in ruling
upon the motion.  In re Applied Chem. Magnesias Corp., 206 S.W.3d 114,
117 (Tex. 2006) (orig. proceeding).

The Court, having examined and
fully considered the petition for writ of mandamus and the response thereto, is
of the opinion that relator has not shown itself entitled to the relief sought. 
See In re Cont’l Airlines, 988 S.W.2d 733, 736 (Tex. 1998) (orig.
proceeding); In re Adan Volpe Props., 306 S.W.3d 369, 375 (Tex.
App.–Corpus Christi 2010); O'Quinn v. Hall, 77 S.W.3d 452, 456 (Tex.
App–Corpus Christi 2002, orig. proceeding).  Accordingly, the petition for writ of mandamus is DENIED.  See Tex.
R. App. P. 52.8(a).  

 

                                                                                                                        PER
CURIAM

Delivered and filed this

8th day of June, 2011.

                                                

                                                                                                

 









[1] See Tex.
R. App. P. 52.8(d) (“When denying relief, the court may hand down an
opinion but is not required to do so.”); Tex.
R. App. P. 47.4 (distinguishing opinions and memorandum opinions).