

## NUMBER 13-11-00306-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE: UNITED BIOLOGICS, LLC D/B/A UNITED ALLERGY LABS

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion Per Curiam[1]

Relator, United Biologics, LLC d/b/a United Allergy Labs, filed a petition for writ of mandamus in the above cause on May 16, 2011, seeking to compel the trial court to transfer venue from Hidalgo County to Bexar County. The Court requested and received a response to the petition for writ of mandamus and a supplemental record from the real party in interest, Mario A. Echavarria, M.D., P.A.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Ordinarily, mandamus relief lies when the trial court has abused its discretion and a party has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).

Mandatory venue provisions may be enforced by mandamus. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2002). Where a party seeks to enforce a mandatory venue provision under chapter 15 of the Texas Civil Practices and Remedies Code, a party is required only to show that the trial court abused its discretion by failing to transfer the case and is not required to prove that it lacks an adequate appellate remedy. *In re Tex. Dept. of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding). In mandatory venue mandamus actions, we look only to whether the trial court clearly abused its discretion in ruling upon the motion. *In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 117 (Tex. 2006) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relator has not shown itself entitled to the relief sought. *See In re Cont'l Airlines*, 988 S.W.2d 733, 736 (Tex. 1998) (orig. proceeding); *In re Adan Volpe Props.*, 306 S.W.3d 369, 375 (Tex. App.–Corpus Christi 2010); *O'Quinn v. Hall*, 77 S.W.3d 452, 456 (Tex. App–Corpus Christi 2002, orig.

proceeding).  Accordingly, the petition for writ of mandamus is DENIED.  *See* TEX. R.

APP. P. 52.8(a).


PER CURIAM

Delivered and filed this
8th day of June, 2011.