

# NUMBER 13-25-00001-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE BASELINE ENERGY SERVICES, LP
## AND BASELINE SERVICES, LLC

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina[1]**

By petition for writ of mandamus, relators Baseline Energy Services, LP and

Baseline Services LLC contend that the trial court[2] abused its discretion by denying their

motion to transfer venue of an employment dispute from Hidalgo County, Texas, to Tarrant

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number CL-24-1417-J in the County Court at Law No. 10 of Hidalgo County, Texas, and the respondent is the Honorable Armando J. Marroquin. *See id.* R. 52.2.

County, Texas, based on mandatory venue provisions concerning injunctions and claims for libel.[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.017, 65.023. We conditionally grant the petition for writ of mandamus.

## I.  BACKGROUND

On April 1, 2024, Billy Tom Martin filed an original petition against relators in Hidalgo County. Martin alleged that he was employed by Baseline Energy Services, LP as an inventory coordinator; however, he suffered a work-related back injury and filed a workers' compensation claim. He alleged that he thereafter requested accommodation to work from home temporarily, but relators summarily terminated his employment. Martin asserted that:

> This action arises from the [relators'] violations of the Texas Labor Code, specifically relating to unlawful employment practices including age discrimination, sex discrimination, disability discrimination, and retaliation against [Martin]. Despite [Martin's] faithful performance of his duties as an [i]nventory [c]oordinator, he was subjected to discriminatory treatment based on his age, sex, and disability, and experienced retaliation that culminated in his wrongful termination.

Martin pleaded causes of action for disability discrimination and workers compensation retaliation. He asserted that venue was proper in Hidalgo County because "[a]ll or a substantial part of the events or omissions giving rise to [his] claims occurred" there. *See id.* § 15.002(a)(1). Martin asserted that his "employment with [relators], the alleged

---

[3] The trial court's order of November 13, 2024, denying relators' motion to transfer venue also denied relators' motion to dismiss the lawsuit filed against them under the Texas Citizens Participation Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12). Relators have filed a separate interlocutory appeal of the November 13, 2024 order challenging the denial of their motion to dismiss in our appellate cause number 13-24-00564-CV.

2

discriminatory actions, and the ultimate termination of the [his] employment—all central to the claims of this lawsuit—transpired within the jurisdiction of Hidalgo County."

On June 5, 2024, relators filed a motion to transfer venue to Tarrant County. They specifically denied Martin's venue facts and asserted that venue was proper in Tarrant County because "the alleged actions took place, if at all," in Tarrant County, where their principal offices were located, or in La Salle County, where Martin worked at one of their facilities. *See id.*[4]

On August 16, 2024, Martin filed his first amended petition against relators. In this pleading, Martin again alleged that venue was proper in Hidalgo County because all or a substantial part of the events giving rise to his claims occurred there. Martin's first amended petition reiterated his claims for disability discrimination and workers compensation retaliation and added new causes of action for retaliation under the labor code and libel. In terms of his libel claim, Martin alleged that relators "falsely claimed both internally . . . and externally, notably during proceedings related to [his] claim for unemployment benefits, that [he] had abandoned his job." Martin requested actual damages and equitable and injunctive relief.

That same day, Martin also filed an objection to relators' motion to transfer venue. He reiterated his assertion that venue was proper in Hidalgo County on grounds that the relevant events occurred there. However, he further asserted that venue was mandatory

---

[4] In the underlying proceedings, relators and Martin also asserted that venue was proper in their chosen counties in the interest of justice and for the convenience of the parties and witnesses. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(b). The trial court's order denying relators' motion to transfer venue was not premised on that rationale. We do not address it here. *See id.* § 15.002(c).

in Hidalgo County because he resided there, and his amended petition included a claim for defamation. *See id.* § 15.017. Martin did not support this pleading with an affidavit or other evidence in support of his allegations regarding venue.

On August 26, 2024, relators filed an amended motion to transfer venue to Tarrant County. Relators denied Martin's alleged venue facts and asserted that Martin resided in Rio Grande City, in Starr County, "where he is even running for public office." According to relators, Martin was a candidate for Starr County Constable, Precinct Four, an elected position that requires a candidate to reside in that territory for six months before filing an application to appear on the ballot. Relators further asserted that Martin identified a Starr County address as his residence in filings regarding his candidacy for office. Relators asserted that because Martin had alleged a cause of action against them for defamation, § 15.017 required Martin to file his suit in the county in which he resided when his cause of action accrued, yet Martin did not reside in Hidalgo County, thus, § 15.017 required his suit to be brought in the county of "the domicile of any corporate defendant." *See id.* Relators also asserted that because Martin sought injunctive relief, § 65.023 provided that mandatory venue fell in Tarrant County because relators were domiciled there. *See id.* § 65.023. Relators supported their amended motion to transfer venue with an affidavit and attachments.

Relators' amended motion to transfer venue was set for a hearing to be held on October 22, 2024, at 9:00 a.m. That morning at 8:15 a.m., relators filed a verified motion for continuance of the hearing on grounds that their counsel's flight to Hidalgo County for the hearing was delayed, then cancelled, due to "severe weather that impacted air travel."

4

However, the hearing on relators' amended motion to transfer venue commenced as scheduled, and relators' counsel did not make an appearance. Martin's counsel advised the court that, "since they're not here I'm going to be asking that the motion to transfer . . . be denied." The clerk informed the trial court that relators had filed a motion for continuance on grounds that there was "severe weather," and they were unable to appear. The trial court stated that, "nobody is here to urge that so at this time that'll be denied[,] and I'll grant your motion[,] counsel." On November 13, 2024, the trial court signed an order stating, in relevant part:

> On this day, the Court considered [Relators'] Motion to Transfer Venue . . . and Motion for Continuance. After reviewing the motions, the responses filed by [Martin], and noting the absence of [relators] or their legal representatives at the hearing, the Court makes the following findings and orders:
>
> **FINDINGS OF FACT:**
>
> 1.  [Martin] filed claims against [relators] including but not limited to disability discrimination, workers' compensation retaliation, general retaliation, and libel, with substantial actions occurring in Hidalgo County.
>
> 2.  [Relators] filed a Motion to Transfer Venue to Tarrant County . . . .
>
> 3.  [Relators] also filed a Motion for Continuance on the day of the scheduled hearing, which they failed to attend, providing no representation to argue their motion.
>
> **CONCLUSIONS OF LAW:**
>
> 1.  Venue is proper in Hidalgo County under Texas Civil Practice and Remedies Code [§] 15.002(a)(1) and [§] 15.017 due to substantial connections to the events giving rise to the claims and [Martin's] residence at the time of the accrual of the cause of action.
>
> . . . .

3.     [Relators'] Motion for Continuance was improperly managed and not supported by appropriate representation at the hearing, rendering it unable to be urged.

The trial court thus denied both relators' verified motion for continuance of the hearing and their amended motion to transfer venue.

This original proceeding ensued. Relators present three issues asserting that the trial court abused its discretion: (1) by denying their amended motion to transfer venue and determining that venue is proper in Hidalgo County under § 15.017 regarding mandatory venue for libel; (2) by denying their amended motion to transfer venue under § 65.023 regarding mandatory venue for injunctive relief; and (3) by alternatively determining that venue is proper in Hidalgo County under § 15.002, the general venue statute. *See id.* §§ 15.002(b), 15.017, 65.023. This Court requested and received a response to the petition for writ of mandamus from Martin and received a reply thereto from relators. *See* TEX. R. APP. P. 52.4, 52.5, 52.8.

## II.     MANDAMUS

Mandamus is intended for use in circumstances "involving manifest and urgent necessity." *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 641 (Tex. 2021) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). Generally, a writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding).

## III.   VENUE

Venue may be proper in many different counties. *In re Fox River Real Est. Holdings, Inc.*, 596 S.W.3d 759, 762 (Tex. 2020) (orig. proceeding). "The initial choice of venue is left to the plaintiff, who first decides venue by filing an original petition." *Fortenberry v. Great Divide Ins.*, 664 S.W.3d 807, 811 (Tex. 2023); *see Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994). The defendant may challenge the plaintiff's venue choice through a motion to transfer venue. *See* TEX. R. CIV. P. 86(1); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 15.063(1) ("The court, on motion filed and served concurrently with or before the filing of the answer, shall transfer an action to another county of proper venue if . . . the county in which the action is pending is not a proper county as provided by this chapter."). If the defendant challenges venue, the plaintiff bears the burden to present prima facie proof that venue is maintainable in the county of suit, while the defendant bears the burden to prove venue is maintainable in the county to which transfer is sought. *Fortenberry*, 664 S.W.3d at 811; *Wilson*, 886 S.W.2d at 260 & n.1; *see* TEX. R. CIV. P. 87(2)(a).

"All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party." TEX. R. CIV. P. 87(3)(a); *see Livingston v. Gregurek*, 650 S.W.3d 721, 725 (Tex. App.—Houston [14th Dist.] 2022, no pet.). "When a venue fact is specifically denied, the party pleading the venue fact must make prima facie proof of that venue fact." TEX. R. CIV. P. 87(3)(a); *see In re Signature Care Emergency Ctr.*, 665 S.W.3d 150, 162–63 (Tex. App.—Corpus Christi–Edinburg 2023, orig. proceeding). "Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly

proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." TEX. R. CIV. P. 87(3)(a). In determining the propriety of venue, permissive and general venue statutes always yield to mandatory venue statutes. *In re Fox River Real Est. Holdings, Inc.*, 596 S.W.3d at 762–63; *Perryman v. Spartan Tex. Six Cap. Partners, Ltd.*, 546 S.W.3d 110, 130 (Tex. 2018).

## IV. ANALYSIS

Relators contend that the trial court abused its discretion by denying their amended motion to transfer venue because they specifically denied Martin's venue allegations and venue was mandatory in Tarrant County based on Martin's request for injunctive relief or his defamation claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.017, 65.023. In response, Martin contends that the trial court did not abuse its discretion by denying transfer because relators failed to appear at the venue hearing and thus waived or abandoned their motion; relators failed to specifically deny his venue facts; and relators' proof of venue was insufficient and conclusory. Martin further asserts that relators possess an adequate remedy by appeal, thus mandamus relief is unavailable.

## A. Failure to Appear

In his response to the petition for writ of mandamus, Martin contends that mandamus relief is unwarranted because the trial court acted within its discretion when it denied relators' motion after they failed to appear at the venue hearing to urge it. Martin further argues that relators' "untimely motion for continuance—filed on the day of the hearing without adequate justification—was properly denied." He contends that relators thus abandoned or waived their motion to transfer venue. Relators urge, in contrast, that

8

their failure to appear at the hearing did not relieve Martin of his venue burdens, and thus, the denial of their verified motion for continuance was moot.

It is abundantly clear that a party seeking to transfer venue must comply with various procedural and substantive requirements to obtain relief. *See, e.g.*, TEX. R. CIV. P. 86(1) (concerning the timing for filing a motion to transfer); 86(3) (delineating the requirements for a motion to transfer venue); 87(1) (providing that the movant has the duty to request a hearing on a motion to transfer venue). Martin relies on Rule 87 to argue that relators' burden encompassed the duty to appear at the venue hearing; however, we do not find that requirement in the rule, nor do we find authority in support of that proposition. *See generally id.* R. 87.

Moreover, in most cases,[5] the hearing on a motion to transfer venue is for argument only and evidence is not received. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064 ("The court shall determine venue questions from the pleadings and affidavits."); TEX. R. CIV. P. 87(3)(b) ("The court shall determine the motion to transfer venue on the basis of the pleadings, any stipulations made by and between the parties and such affidavits and attachments as may be filed . . . ."); *Eddins v. Parker*, 63 S.W.3d 15, 18 (Tex. App.—El Paso 2001, pet. denied). ("The hearing on a motion to transfer venue is non-jury, for argument only, and no evidence may be received."); *see also Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 n.4 (Tex. 1992). In short, relator's counsel's

---

[5] "[T]he trial court has discretion to allow a broader range of proof in making a [§] 15.003(a) joinder determination than it would in a venue hearing. Specifically, a trial court may allow the parties to offer testimony, if the trial court believes it would be useful to its determination." *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 603 (Tex. 1999); *see Sustainable Tex. Oyster Res. Mgmt. L.L.C. v. Hannah Reef, Inc.*, 491 S.W.3d 96, 107 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). denied). Joinder under § 15.003(a) is not at issue in this case.

appearance at the hearing would have added nothing for the trial court to consider in determining the merits of relators' motion to transfer venue insofar as its ruling was required to be based on the parties' pleadings and affidavits. We further note that "[w]aiver is 'an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right.'" *Chalker Energy Partners III, LLC v. Le Norman Operating LLC*, 595 S.W.3d 668, 676 (Tex. 2020) (quoting *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (per curiam)). Here, relators filed a verified motion for continuance based on severe weather prior to the hearing, and the record lacks any indication that the failure to appear was intentional.

Based on the foregoing, we reject Martin's contention that relators waived or abandoned their motion to transfer venue by failing to appear at the hearing.

## B. Specific Denial

Martin contends that relators did not specifically deny his venue allegations. A general or global denial of venue allegations is insufficient to serve as a specific denial of the pleaded venue facts. *In re Hannah*, 431 S.W.3d 801, 811 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding) (per curiam); *Shamoun & Norman, LLP v. Yarto Int'l Grp., LP*, 398 S.W.3d 272, 291 (Tex. App.—Corpus Christi–Edinburg 2012, pet. dism'd). "'[S]pecific denial' of a venue fact requires that the fact itself be denied." *State v. Life Partners, Inc.*, 243 S.W.3d 236, 239 (Tex. App.—Waco 2007, pet. denied) (quoting *Maranatha Temple, Inc. v. Enter. Prod. Co.*, 833 S.W.2d 736, 740 (Tex. App.—Houston [1st Dist.] 1992, writ denied)).

We review Martin's alleged venue facts. In his original and amended petitions, Martin alleged that venue was proper in Hidalgo County under the general venue rule. Martin alleged in both pleadings that:

> Venue is proper in Hidalgo County, Texas, pursuant to the Texas Civil Practice and Remedies Code. All or a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred within this county. The Plaintiff's employment with the Defendants, the alleged discriminatory actions, and the ultimate termination of the Plaintiff's employment—all central to the claims of this lawsuit—transpired within the jurisdiction of Hidalgo County.

In his first amended petition, Martin also alleged that relators terminated his employment while he was physically present in Hidalgo County receiving medical treatment for his injuries. In his objection to relators' motion to transfer venue, Martin reiterated that Hidalgo County was a proper venue because "substantial and critical events" occurred there. Martin explained that he had filed an amended petition including a claim for defamation, and § 15.017 "mandates that a defamation case, such as the present one where [he] was defamed by false statements made in the process of denying unemployment benefits, can be maintained in Hidalgo County where [he] resided at the time these events occurred." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.017. Martin further asserted that relators' defamatory statements that he had abandoned his job "were made as part of the process to deny [him] unemployment benefits and were communicated to third parties involved in the adjudication of those benefits within Hidalgo County."

Relators' amended motion to transfer contains the following paragraph:

> As an initial matter, Defendants deny each of Plaintiff's venue allegations in the First Amended Complaint, including that all or a substantial part of the acts or omissions giving rise to the suit arose in Hidalgo County, and that Hidalgo County is proper under the mandatory venue provision for libel, as

11

it is neither Plaintiff's county of residence nor Defendants' county of domicile. Specifically, Defendants deny that Plaintiff resides in Hidalgo County, that Plaintiff was employed or injured in Hidalgo County, that Plaintiff resigned in Hidalgo County, that Defendants contested Plaintiff's request for unemployment benefits in Hidalgo County, that Defendants discussed Plaintiff's employment in Hidalgo County, or that any alleged discriminatory acts took place in Hidalgo County.

Relators supported their motion to transfer venue with the affidavit of Noel Smith, the Director of Human Resources for Baseline Energy Services, LP. Smith specifically denied that a substantial part of the acts or omissions giving rise to Martin's claims occurred in Hidalgo County. Smith denied that Martin was employed or injured in Hidalgo County, that he resigned from his employment with relators in Hidalgo County, that relators contested his request for unemployment benefits in Hidalgo County, that relators discussed his employment in Hidalgo County, and that any alleged discriminatory acts took place in Hidalgo County. Smith further specifically denied that Martin "resides in Hidalgo County."

Although relators' amended motion to transfer venue contained an insufficient global or general denial providing that they "deny each of Plaintiff's venue allegations," it also included specific denials of Martin's alleged venue facts. *See In re Hannah*, 431 S.W.3d at 811; *Shamoun & Norman, LLP*, 398 S.W.3d at 291. Therefore, relators have met their burden to specifically deny the venue facts alleged by Martin. As a result, we do not take Martin's alleged venue facts as true. *See* TEX. R. CIV. P. 87(3)(a).

**C.     Mandatory Venue under § 65.023(a)**

In their second issue, which we take out of order, relators contend that venue is mandatory in Tarrant County under § 65.023(a), the mandatory venue provision for injunction suits. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 65.023(a). This provision states,

12

in relevant part, that "a writ of injunction against a party who is a resident of this state shall be tried in a district or county court in the county in which the party is domiciled." *Id.* Relators thus contend that mandatory venue lies in Tarrant County as the county of their domicile.

In general, the venue for lawsuits is governed by Chapter 15 of the Texas Civil Practice and Remedies Code. *See In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 76 (Tex. 2007) (orig. proceeding) (per curiam). However, § 15.016 provides that "[a]n action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute." TEX. CIV. PRAC. & REM. CODE ANN. § 15.016; *see In re Tex. Dep't of Transp.*, 218 S.W.3d at 76; *In re Harding*, 563 S.W.3d 366, 373 (Tex. App.—Texarkana 2018, orig. proceeding). Therefore, § 65.023, found in the chapter of the civil practice and remedies code governing injunctions, would prevail over the venue provision regarding libel, slander, and defamation found in § 15.017. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.016; *In re Tex. Dep't of Transp.*, 218 S.W.3d at 76; *In re Adan Volpe Props., Ltd.*, 306 S.W.3d 369, 375 (Tex. App.—Corpus Christi–Edinburg 2010, orig. proceeding); *In re Dole Food Co., Inc.*, 256 S.W.3d 851, 856 (Tex. App.—Beaumont 2008, orig. proceeding) (per curiam). Accordingly, we address relators' contention that § 65.023 governs our venue analysis before addressing relators' contentions regarding the application of § 15.017.

"[S]ection 65.023(a) is operative only when a plaintiff's pleadings in the underlying suit establish the relief sought is 'purely or primarily injunctive.'" *In re Fox River Real Est. Holdings, Inc.*, 596 S.W.3d at 765 (quoting *In re Cont'l Airlines, Inc.*, 988 S.W.2d 733, 736 (Tex. 1998) (orig. proceeding)); *see In re Hardwick*, 426 S.W.3d 151, 158 (Tex. App.—

13

Houston [1st Dist.] 2012, orig. proceeding). We employ "a commonsense examination of the substance" of Martin's claims for relief to determine if his request for injunctive relief reflects the dominant purpose or central focus of his lawsuit. *In re Fox River Real Est. Holdings, Inc.*, 596 S.W.3d at 765. In his first amended petition, Martin sought the following remedies:

a. Back Pay and Lost Benefits: Compensation for all wages, salary, employment benefits, and other compensation denied or lost to Plaintiff due to Defendants' unlawful actions, from the date of termination to the present. This includes, but is not limited to, salary, overtime pay, bonuses, stock options, retirement benefits, and health care benefits.

b. Front Pay: In lieu of reinstatement, Plaintiff seeks front pay as compensation for future loss of earnings and benefits from the date of judgment forward, for a period to be determined at trial, considering Plaintiff's age, employment prospects, and other relevant factors.

c. Compensatory Damages for Emotional Pain and Suffering: Compensation for past and future physical pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, and other non-pecuniary losses resulting from Defendants' discriminatory, retaliatory, and wrongful actions.

d. Punitive Damages: Where allowed by law, Plaintiff seeks punitive damages against Defendants for their malicious, oppressive, and egregious conduct with the intent to deter such conduct in the future and to serve as a warning to others.

e. Interest: Pre-judgment and post-judgment interest at the highest rate allowed by law on all amounts awarded.

f. Attorneys' Fees and Costs: Plaintiff seeks recovery of reasonable attorneys' fees, court costs, expert witness fees, and other expenses incurred in prosecuting this action, as provided under the Texas Labor Code.

g. Equitable Relief: Plaintiff seeks any equitable relief that the Court deems just and proper, including but not limited to reinstatement to

14

his former position or an equivalent position, with the same seniority, benefits, and other terms and conditions of employment.

h.      Injunctive Relief: An order enjoining Defendants from engaging in discriminatory, retaliatory, and wrongful employment practices, and requiring Defendants to implement policies and programs that provide equal employment opportunities and prevent future violations of the Texas Labor Code.

Applying a commonsense analysis of the foregoing, we conclude that Martin's request for injunctive relief is not the dominant purpose of his lawsuit. *See id.* Martin's request for injunctive relief is at best merely ancillary or incidental to the primary relief sought, that being the recovery of monetary damages. *See id.*; *In re Adan Volpe Props.*, Ltd., 306 S.W.3d at 375. Accordingly, we overrule relators' second issue.

## D.      Mandatory Venue under § 15.017

In their first issue, relators assert that the trial court abused its discretion by denying their motion to transfer venue based on mandatory venue regarding defamation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.017. Section 15.017 states that:

A suit for damages for libel, slander, or invasion of privacy shall be brought and can only be maintained in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county in which the defendant resided at the time of filing suit, or in the county of the residence of defendants, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff.

*Id.* As stated previously, Martin asserts that § 15.017 "mandates that a defamation case, such as the present one where [he] was defamed by false statements made in the process of denying unemployment benefits, can be maintained in Hidalgo County where [he] resided at the time these events occurred."

We agree with the parties that § 15.017 is applicable to this case. In his first amended petition, Martin alleged a claim for "libel," stating that relators "falsely claimed both internally within the organization and externally, notably during proceedings related to [his] claim for unemployment benefits, that [he] had abandoned his job." Martin asserted that relators' "statements were published to third parties, including but not limited to employees within Defendants' organization and representatives of the unemployment benefits office, thereby satisfying the publication element necessary for a libel claim."

Martin further contends that he established that venue was proper in Hidalgo County as the county of his residence under § 15.017. He asserts that relators failed to deny or "rebut" his claim that he resided in Hidalgo County while hospitalized at the time of his termination, and argues in this regard that he can have two residences for venue purposes. *See GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 543 (Tex. 1998*); see also In re O'Rourke*, No. 03-22-00505-CV, 2022 WL 4349846, at \*1 (Tex. App.—Austin Sept. 20, 2022, orig. proceeding) (mem. op.) (Triana, J., dissenting) (discussing whether this doctrine applies under § 15.017). However, we have already rejected Martin's contention that relators failed to specifically deny that he resided in Hidalgo County. In their amended motion to transfer venue, relators stated that they "deny that [Martin] resides in Hidalgo County," and Smith specifically "further den[ied] that [Martin] resides in Hidalgo County."

Martin further asserts that relators failed to meet their evidentiary burden to show that Hidalgo County was an improper venue because Smith's affidavit was not based on personal knowledge and is "replete with conclusory statements unsupported by specific

16

facts or evidence, rendering it legally insufficient to rebut [his] prima facie venue facts."[6] The record does not reflect that Martin presented these arguments to the trial court. We assume without deciding that these contentions are properly before us. In any event, Martin's arguments mistake the relative burdens of the parties. As we have previously stated, relators specifically denied Martin's alleged venue facts, including Martin's allegation that he resided in Hidalgo County. *See* TEX. R. CIV. P. 87(3)(a); *State*, 243 S.W.3d at 239. Once they did so, Martin was required to "make prima facie proof of that venue fact" by properly pleading venue facts regarding his residence in Hidalgo County and filing an affidavit "fully and specifically setting forth the facts supporting such pleading." *See* TEX. R. CIV. P. 87(3)(a). However, Martin did not produce an affidavit or any other evidence regarding his allegation that his residence was in Hidalgo County or that venue was otherwise proper there. *See id.*

In contrast, relators pleaded and offered prima facie proof that they were domiciled in Tarrant County. In his affidavit, Smith stated that relators' principal offices are in Tarrant County, Texas, and were located there "at all times relevant to the present lawsuit." Smith characterized relators as "Fort Worth" companies. According to Smith, relators' "operations, including the corporate officers and directors, are also located in Tarrant County." Martin did not specifically deny these facts or offer any evidence otherwise.

Because Martin failed to meet his burden to present prima facie proof that venue was proper in Hidalgo County, the right to choose the proper venue passed to the relators.

---

[6] Smith asserted, in relevant part, that he had "personal knowledge of the facts stated" in his affidavit, the facts were true, and his "personal knowledge was obtained through [his] professional involvement as the Director of Human Resources for Baseline Energy Services, LP."

*See In re Mo. Pac. R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999) (orig. proceeding) ("[I]f the plaintiff fails to discharge the burden, the right to choose a proper venue passes to the defendant, who must then prove that venue is proper in the defendant's chosen county."); *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding) ("If the plaintiff fails to establish proper venue, the trial court must transfer venue to the county specified in the defendant's motion to transfer, provided that the defendant has requested transfer to another county of proper venue. . . . On this point, the defendant has the burden to provide prima facie proof."); *In re Signature Care Emergency Ctr.*, 665 S.W.3d at 162 ("Because the real parties failed to discharge their burden [to present prima facie proof that venue was proper in the county of suit], the right to choose a proper venue passed to the relators."). Here, it is uncontested that § 15.017 applies, and relators chose Tarrant County as the county of their domiciles. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.017; *see also In re Fluor Enters., Inc.*, No. 13-11-00260-CV, 2011 WL 2463004, at *5 (Tex. App.—Corpus Christi–Edinburg June 13, 2011, orig. proceeding) (mem. op.); *In re Socorro Indep. Sch. Dist.*, No. 13-09-00500-CV, 2010 WL 1138451, at *6 (Tex. App.—Corpus Christi–Edinburg Mar. 22, 2010, orig. proceeding) (mem. op.). Therefore, venue was mandatory in Tarrant County under § 15.017.

We sustain relators' first issue. Having done so, we need not address relator's third issue regarding permissive venue. *See* TEX. R. APP. P. 47.4; *see also In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding) (stating that mandamus review of permissive venue determinations is appropriate in "extraordinary circumstances").

18

## E.    Adequate Remedy

Martin alleges that relators have an adequate remedy by appeal. He further argues that relators could have sought rehearing in the trial court, but instead sought mandamus relief "bypassing a straightforward remedy available at the trial court level." With an exception that is not applicable here,[7] there are no interlocutory appeals from venue determinations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a); TEX. R. CIV. P. 87(6); *Fortenberry*, 664 S.W.3d at 811. However, mandamus is available to enforce mandatory venue provisions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642; *Wagner v. Apache Corp.*, 627 S.W.3d 277, 288 (Tex. 2021). When the trial court abuses its discretion regarding the application of a mandatory venue statute, mandamus relief is available without proof of an inadequate appellate remedy. *In re Fox River Real Est. Holdings, Inc.*, 596 S.W.3d at 763; *In re Mo. Pac. R. Co.*, 998 S.W.2d at 216. Therefore, relators need not show that they lack an adequate remedy to secure mandamus relief. *See In re Fox River Real Est. Holdings, Inc.*, 596 S.W.3d at 763; *In re Mo. Pac. R. Co.*, 998 S.W.2d at 216; *see also Hall v. Dalehite*, No. C14-88-00366-CV, 1988 WL 109790, at *2 (Tex. App.—Houston [14th Dist.] Oct. 20, 1988, orig. proceeding) (mem. op.) ("We note that a motion for rehearing was not a necessary prerequisite for seeking mandamus.").

## V.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, Martin's response, and relators' reply, is of the opinion that relators have met their burden

---

[7] The civil practice and remedies code provides for an interlocutory appeal of certain venue determinations in cases regarding multiple and intervening plaintiffs. *See id.* § 15.003(b).

to obtain relief. We conditionally grant mandamus relief and direct the trial court to vacate its November 13, 2024 order, in part, insofar as the order denies relators' motion to transfer venue, and to transfer the suit to Tarrant County. We are confident the trial court will comply, and our writ will issue only if it fails to act promptly in accord with this memorandum opinion.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
5th day of March, 2025.